## EVANS v. CAPITAL TRANSIT CO.

### No. 213.

Municipal Court of Appeals for the
District of Columbia.

Nov. 22, 1944.

I. Irwin Bolotin, of Washington, D. C. (Samuel B. Brown, Nathan M. Brown, and Benjamin B. Brown, all of Washington, D. C., on the brief), for appellant.

Edwin A. Swingle, of Washington, D. C. (Ernest A. Swingle and Allan C. Swingle, both of Washington, D.C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appellant, plaintiff below, was injured by contact with the side of appellee's streetcar while he was on a loading platform. After a jury trial there was a verdict and judgment for the defendant.

Plaintiff had crossed from the north sidewalk of U Street at 11th Street, N. W., to the east end of the car loading platform, intending to board a west bound streetcar. He looked but saw no streetcar approaching. Reaching the platform he walked along its south side toward the west end where cars usually stop to receive passengers. Half-way of the platform defendant's car passed him. He was struck by the side of the car at a point one-third of the length of the car from its front. The streetcar was making a normal stop at the western end of the platform to discharge passengers and came to a full stop before the motorman knew plaintiff had been struck.

The length of the car is not disclosed but the witnesses agree that a third of the car had passed when plaintiff was hit. The motorman testified that he turned as the car passed and observed plaintiff until he was 8 or 10 feet from the front end of the car.

The platform, elevated above the street level, is 70 feet long and 4 feet 2 inches

wide. It parallels the car tracks and the side of the car involved passes one inch from its southern edge.[1]

Plaintiff testified that he was not aware of the approaching car until he was struck; that he did not hear any sound of the car or signal of its approach. The driver of an automobile, who had stopped for a traffic light in the space between the platform and the north sidewalk of U Street, immediately opposite the point where plaintiff was struck, testified that he heard the car coming before plaintiff was hit, and that he observed the accident; that one-third of the car passed before plaintiff was hit; and that he did not hear a warning bell. The motorman testified that as he approached the platform he observed plaintiff walking along the platform and sounded his bell.

There was no substantial conflict in the evidence except as to the sounding of the bell. The only errors assigned on the appeal relate to the refusal of the court to grant three prayers requested by the plaintiff.

1. An instruction on the last clear chance theory was submitted and refused. It stated in substance that if the jury found that plaintiff's own negligence contributed to the injury he might still recover if defendant's motorman realized, or under the circumstances should have realized, plaintiff's peril and his obliviousness to it, and failed to observe a requisite degree of care to protect him from injury. The court instructed the jury that plaintiff had a right to be on the loading platform and to think that he was "in a place of safety"; that defendant "owed the plaintiff an affirmative duty and was bound to use that degree of care and caution for his protection which was reasonably required in view of the situation in which plaintiff had placed himself." This instruction shut out the defense of contributory negligence and that issue was not submitted to the jury. It assumed that a person standing or walking, as plaintiff then was, on any part of a loading platform has an absolute right to be there and may not be charged with contributory negligence for failing to hear or see an oncoming or passing streetcar, or for walking inattentively so close to the edge that his body would project beyond the platform and against the side of a passing car. The only question it left for the jury to decide was whether defendant was negligent. The instruction was more favorable to the plaintiff than that proposed by him, more favorable we think than the law authorized,[2] and the refusal of his prayer was not error.

II. Plaintiff's second prayer was to the effect that if the jury should find that in the exercise of ordinary care the motorman should have sounded a warning of his approach, but neglected or failed to do so, and that the injury to plaintiff was the proximate result of his failure, then defendant was guilty of negligence and

---

[1] Car loading platforms of this type are constructed under an appropriation by Congress when, it is provided, "plans and locations thereof are approved by the Public Utilities Commission and the Director of Vehicles and Traffic: Provided further, That the street railway company shall pay the cost of maintenance, marking, and lighting after construction." Act of July 15, 1939, Ch. 281, 53 Stat.L. 1004, 1033.

[2] The instruction given by the court was obviously taken from Chunn v. City & Suburban Ry. Co., 207 U.S. 302, 28 S. Ct. 63, 52 L.Ed. 219, reversing 23 App. D.C. 551. There plaintiff was waiting with others to board a south bound car then stopping to receive passengers. She was standing on a board platform customarily used by south bound passengers. Because of the boggy condition of the ground west of the south bound tracks it had been built, apparently by defendant, between the two lines of tracks. Although extending 7 feet from inner rail to inner rail, it left a space of but 3 feet 6 inches between passing cars. Plaintiff was hit by a rapidly passing north bound car. A verdict for defendant had been directed and in reversing the court held that the issues of negligence and contributory negligence were for the jury. As to the former it said: "The defendant owed her an affirmative duty. It was bound to use that care for her protection which was reasonably required in view of the situation in which she had, at the defendant's invitation, placed herself."

A distinction has been drawn between the duty owing to persons occupying loading platforms and safety zones placed by the company and those which are located and erected by the municipality. Mangan v. Des Moines City Ry. Co., 200 Iowa 597, 203 N.W. 705, 41 A. L.R. 369. See annotation "Liability of street railway company for injury to person in 'safety zone'", 41 A.L.R. 369.

plaintiff should recover. We think this request correctly stated the law. However, in the charge given by the court the jury were told that defendant was bound to exercise that degree of care for plaintiff's protection which was reasonably required by the position in which he had placed himself. There was no specific mention of the sounding of a warning and no exception noted.[3] But what else could the jury consider under the court's instruction? Unlike other vehicles on our public streets a streetcar is unable to alter its course and may only avoid such accidents by the use of its brakes or its warning bell. Here, where an intending passenger was walking along the platform in a position where a third of the car had passed without striking him, it could not be contended that the car should have been brought to a stop. There was no sudden peril which the motorman could or should have seen. The car was moving at such a speed that it came to a normal stop approximately 25 feet beyond its position when plaintiff was struck. It is obvious that under the instruction given the only questions to be decided were whether the exercise of that degree of care reasonably required for plaintiff's protection called for the sounding of the warning bell, and if so, whether or not the warning was given.

The federal rule and that followed in this jurisdiction is that the refusal to grant an instruction is not ground for reversal where the charge given, although in a more general form, fully informs the jury as to the law.[4] This has been so held where a requested instruction directed the attention of the jury to particular phases of the question to be decided whereas the charge dealt generally but accurately with the governing rules.[5] The question is whether the point "is substantially embraced in the charge."[6] No possible prejudice could have resulted to plaintiff whose counsel could and undoubtedly did argue to the jury that the plaintiff's situation required defendant's operator in the exercise of reasonable care to sound his warning bell, and that he failed to do so.

 III. The third exception is to the refusal of the court to instruct the jury that if plaintiff was standing on the platform, where he had a right to be, and the car approached from his rear, it was the duty of the motorman to sound a warning, and failure so to do was negligence. This request was clearly improper. Whether the failure to sound a warning was negligence, under the circumstances here, was a question of fact for the jury to decide.

Affirmed.

---

[3] Nunan v. Timberlake, 66 App.D.C. 150, 85 F.2d 407.

[4] Kelly v. Jackson, 6 Pet. 622, 629, 8 L.Ed. 523; McCartney v. Holmquist, 70 App.D.C. 334, 106 F.2d 855, 126 A.L.R. 375.

[5] Northwestern Mutual Life Ins. Co. v. Muskegon National Bank, 122 U.S. 501, 7 S.Ct. 1221, 30 L.Ed. 1100.

[6] Talbert v. United States, 42 App.D. C. 1; Thomas v. United States, 74 App. D.C. 167, 121 F.2d 905; Capital Traction Co. v. Lyon, 57 App.D.C. 396, 24 F. 2d 262.