448 P.2d 869

Howard Eugene McDOWELL, Jr., Howard Eugene McDowell and Blanche C. McDowell, Appellants,

v.

Thomas M. DAVIS, a minor, C. E. Davis, Read Mullan Motor Company, an Arizona corporation, Michael W. Altamirano and the City of Phoenix, a municipal corporation, Appellees.

No. 9426–PR.

Supreme Court of Arizona.

In Banc.

Dec. 27, 1968.

Rehearing Denied Jan. 21, 1969.

Moore, Romley, Kaplan, Robbins & Green, by Elias M. Romley and Craig R. Kepner, Phoenix, for appellants.

Browder & Gillenwater, by Robert W. Browder, Phoenix, for appellees, Davis.

Snell & Wilmer, by John J. Bouma, Phoenix, for appellee, Read Mullan Motor Co.

Kramer, Roche, Burch, Streich & Cracchiolo, by Dan Cracchiolo, Phoenix, for appellees, Altamirano and the City of Phoenix.

STRUCKMEYER, Justice.

This action was brought by Howard Eugene McDowell, Jr., a minor, and his parents, appellants. Howard Eugene McDowell was a passenger in an automobile driven by appellee, Thomas M. Davis, when their vehicle collided with a sanitation truck of appellee, City of Phoenix. The trial court directed a verdict in favor of Read Mullan Motor Company, the owner of the Davis car, and the jury returned a verdict in favor of appellants and against the appellees, Thomas M. Davis, a minor and C. E. Davis, his father, in the total sum of $163,117.28. A judgment was returned in favor of appellees, the City of Phoenix and its driver, Michael W. Altamirano.

Appellants ask for a new trial against all parties defendant because of certain errors occurring during the trial. The Court of Appeals, Division One, affirmed the judgments. On appellants' motion for review we accepted jurisdiction to examine into the correctness of that court's decision approving the trial court's instruction on

proximate cause. Opinion of the Court of Appeals, Division One, 8 Ariz.App. 33, 442 P.2d 856, disapproved in part and this cause reversed as to all parties except the Read Mullan Motor Company.

■ This court has repeatedly defined proximate cause as:

"The proximate cause of an injury is that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not have occurred." [Citations]

No principle of law has been so unvaryingly stated. Brand v. J. H. Rose Trucking Co., 102 Ariz. 201, 427 P.2d 519; Stearnman v. Miranda, 97 Ariz. 55, 396 P.2d 622; Alires v. Southern Pacific Co., 93 Ariz. 97, 378 P.2d 913; Lyric Amusement Co. v. Jeffries, 58 Ariz. 381, 120 P.2d 417; Salt River Valley Water Users' Association v. Cornum, 49 Ariz. 1, 63 P.2d 639; Chapman v. Salazar, 40 Ariz. 215, 11 P.2d 613; Inspiration Consolidated Copper Co. v. Conwell, 21 Ariz. 480, 190 P. 88.

■ The trial court defined proximate cause to the jury in the foregoing usual and customary manner and then, over the appellants' objection, added:

" 'Ladies and gentlemen, another test of proximate cause recognized by our law may be helpful to you. Was the negligent act of the party under consideration a material element or a substantial factor in producing the injury? *An act or an omission cannot be a proximate cause if it contributes only slightly or possibly to the result,* for a proximate cause is one which is a material element or a substantial factor in causing the injury.' " (Emphasis supplied.)

The quoted instruction given by the trial court was taken verbatim from the Arizona Uniform Jury Instructions, No. 5–A prepared by the State Bar Committee on Uniform Jury Instructions.

The "substantial factor test," as a test of causation, was widely introduced by the Restatement of Law Institute in its Restatement of Torts in 1934, now to be found in the Restatement of Torts Second, § 431, p. 428:

"§ 431. What Constitutes Legal Cause

The actor's negligent conduct is a legal cause of harm to another if

(a) his conduct is a substantial factor in bringing about the harm, * * *."

It is argued for the appellees that this court approved the "substantial factor test" in 1937 in Herzberg v. White, 49 Ariz. 313, 66 P.2d 253. There, we tested the sufficiency of the evidence to support a judgment by recourse to the language of the Restatement. We used it to determine whether there was causation in fact. We neither implied nor inferred that the "substantial factor test" was properly or appropriately submitted to a jury as a substitute test of proximate cause. Since then, leading authorities on the law of torts have questioned the use of the "substantial factor test." Prosser, Law of Torts 3rd Ed., Ch. 9, § 49, p. 286, and Harper and James, Law of Torts (1956), Vol. 2, § 20.6, p. 1159. And see Green, The Torts Restatement (1935), 29 Ill.L.Rev. 582, 602.

■ The use of the word "substantial" in a jury instruction is open to serious criticism in that it is a source of additional confusion injected into an already difficult area of law. Webster's Third International Dictionary Unabridged, notes a number of varying meanings for the word "substantial"—among these it is defined as "not * * * imaginary, not illusive." Were we certain that it would be understood in this sense, or in the sense of "insignificant", a litigant would have little cause to complain. However, Webster also defines "substantial" as "abundant, plentiful" and "considerable in amount", p. 2280. Commonly, we speak in terms of a substantial amount as in a substantial meal or a substantial income. If this meaning is attributed to the word, the instruction is palpably erroneous as inducing the concept of largeness as opposed to smallness. It is not how little or how large a

cause is that makes it a legal cause, for a proximate cause is *any* cause which in a natural and continuous sequence produces the injury and without which the result would not have occurred.

The italicized portion of Instruction No. 5–A of Arizona Uniform Jury Instructions is not merely susceptible of confusing the jury but when taken in any posture must be considered as prejudicially erroneous. This portion of the instruction is not couched in the language of the test as set forth in the Restatement, § 431 to the extent that the meaning of the test as explained in the Restatement, §§ 432 and 433, is properly conveyed to the jury. Neither do counsel cite, nor can we find any case in which such language was used. As stated, a cause may be a proximate cause if in its natural and continuous sequence it produces the injury and without which the result would not have occurred. The *instruction in using the word "slightly"* confirms the meaning of "substantial" as "abundance", largeness as opposed to smallness. The connotation is shifted from that of insignificance or illusiveness. It is not only possible but likely that under the instruction a jury would believe that if a defendant's conduct contributed only a little, it was not a proximate cause even though in fact it contributed to producing the injury and without which the result would not have occurred.

 Instruction No. 5–A commits Arizona to two rules on proximate cause. Contributory negligence has often been defined in this jurisdiction as negligence which contributes *in any degree* to the plaintiff's injuries. See e. g. Mantovani v. Green, 90 Ariz. 376, 368 P.2d 448. To bar recovery it is not necessary that the negligence of a plaintiff contribute "substantially" to the injury complained of where the connotation of largeness is attributed to the word. See Banning v. Chicago R. I. & P. R. Co., 89 Iowa 74, 56 N.W. 277.

The plaintiff's negligence may become a causative factor if it *in any degree,* "only slightly", contributes to the injury, whereas under Instruction 5–A the defendant's negligence is not a causative factor if it contributes slightly.

The instant case illustrates the vice of the instruction as tending to mislead the jury. Here, the appellant was a passenger in an automobile. He brought suit against the driver of his vehicle, and both the driver and owner of the truck with which the automobile in which he was riding collided. One eye witness testified that the truck was traveling at between 45 and 55 miles an hour in a posted limit of 35 miles an hour and the driver admitted he had been traveling at 40 miles per hour prior to the accident. Investigation disclosed that the brakes on the truck were never applied.

 The law is, of course, that "there may be more than one proximate cause of an accident if each was an efficient cause without which the resulting injuries would not have occurred." [Citations] Brand v. J. H. Rose Trucking Co., supra, 102 Ariz. at 205, 427 P.2d at 523. The jury could have, under this instruction, found in favor of the City of Phoenix and its truck driver, Altamirano on the theory that their negligence "contributed only slightly" and therefore was not a proximate cause.

The decision of the Court of Appeals, Division One, is specifically disapproved as to that portion of its opinion sustaining the giving of Instruction No. 5–A of the Arizona Uniform Jury Instructions. The Superior Court is directed to grant appellants' motion for a new trial except as to Read Mullan Motor Company.

Judgment reversed.

McFARLAND, C. J., UDALL, V. C. J., and BERNSTEIN and LOCKWOOD, JJ., concur.