462 P.2d 100

**Barbara WADE, surviving widow of Norman C. Wade, Appellant,**

v.

**Donne L. SEGUIN, a single man, Appellee.**

**No. 2 CA–CIV 687.**

Court of Appeals of Arizona.
Division 2.
Dec. 10, 1969.
Review Denied March 10, 1970.
Motion to Reconsider Denied
March 31, 1970.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by Robert O. Lesher, Tucson, for appellant.

May, Dees & Newell, by Robert A. May, Tucson, for appellee.

HOWARD, Judge.

Plaintiff-appellant sued the defendant-appellee for the wrongful death of her husband. Appellant appeals from the judgment in favor of the appellee on the grounds that the trial court erred in the giving of two instructions.

No transcript of the trial was filed. Both sides on oral argument stated that the jury could have decided the case either way. The appellant alleges that based upon the recent Arizona case of McDowell v. Davis, 104 Ariz. 69, 448 P.2d 869 (1968), the court committed fundamental error in giving the following instruction, although there was no objection on the part of the plaintiff to the instruction at the time:

> "Another test of proximate cause recognized by our law may be helpful to you: Was the negligent act of the party under consideration a material element or a substantial factor in producing the injury? An act or omission cannot be a proximate cause if it contributes only slightly or possibly to the result, for a proximate cause is one which is a material element or substantial factor in causing the injury."

Although the instruction is erroneous, we need not decide whether it is fundamental error because we believe the court did commit reversible error in giving the following defendant's instruction over plaintiff's objection:

> "You are further instructed that if you find that the plaintiff's decedent was negligent and that such negligence was a proximate cause of the accident, and you further find that the negligence of such plaintiff's decedent was gross or wanton, then I instruct you that the plaintiff *cannot recover* from the defendant, regardless of whether or not you find that the defendant was also negligent.
>
> A person is grossly or wantonly negligent if he willfully does an act or fails to do an act which it is his duty to do, knowing or having reason to know facts which would lead a reasonable man to realize that the actor's conduct not only creates unreasonable risk of bodily harm to others, but also involves a high degree of probability that substantial harm will result. Wantonness also implies a reckless indifference to the results of the driver's acts. [Nichols vs. Baker, 416 P.2d 584, 101 Ariz. 151]." (Emphasis added.)

The appellee justifies the giving of this instruction by citing the Arizona cases of Alabam Freight Lines v. Phoenix Bakery, 64 Ariz. 101, 166 P.2d 816 (1946), and Womack v. Preach, 63 Ariz. 390, 163 P.2d 280 (1945). We believe that the appellee has confused his legal theories by relying on these cases. The foregoing two Arizona cases stand for the proposition that the *defendant* cannot rely on contributory negligence as a defense if the *defendant* is guilty of gross negligence. In Zancanaro v. Hopper, 79 Ariz. 207, 286 P.2d 205 (1955), the court said:

> "We know of no distinction under the provisions of the constitution relating to contributory negligence between gross and ordinary negligence. It is under the provisions thereof as much a question of fact for the jury when the negligence is gross as it is when it is the result of ordinary negligence. Davis v. Boggs, 22 Ariz. 497, 199 P. 116."

The use of the word "cannot" in the previously referred to instruction was re-

versible error. Trojanovich v. Marshall, 95 Ariz. 145, 388 P.2d 149 (1963); Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962).

The judgment is reversed and the case is remanded for a new trial.

KRUCKER, C. J., and HATHAWAY, J., concur.