Esther LACY et al., Appellants,

v.

**DISTRICT OF COLUMBIA et al., Appellees.**

No. 12858.

District of Columbia Court of Appeals.

Argued March 21, 1979.

Decided Nov. 23, 1979.

Samuel M. Shapiro, Washington, D. C., for appellants.

Margaret L. Hines, Asst. Corp. Counsel, Washington, D. C., with whom Louis P. Robbins, Acting Corp. Counsel, Washington, D. C., at the time the brief was filed, and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on brief, for appellees.

Before KELLY, KERN and MACK, Associate Judges.

KERN, Associate Judge:

Appellants are mother and daughter who brought action for damages they claim to have incurred when a janitor at the elementary school attended by the daughter in 1974 allegedly committed three sexual assaults on her. The jury returned a verdict in the amount of $640,000 against (1) the janitor,[1] on the theory of assault and battery, (2) the principal, a teacher, and a guidance counsellor of the school, on the theory that they were negligent in their care and supervision of the child, and (3) the District of Columbia, on the theory that it was responsible for this negligence of these particular appellees who had been in its employ at the time of the assaults.

Subsequent to this jury verdict in favor of appellants, the court entertained a motion by appellees seeking either a new trial or a judgment notwithstanding the verdict on the ground that the verdict was so excessive that it could only have been the result of sympathy or prejudice. Judge Belson, after a hearing, ruled as follows:

> Review of the evidence adduced at trial and consideration of the points and authorities and oral arguments of counsel lead the Court to the conclusion that the moving defendants are entitled to a new trial on this ground.
>
> In reaching this conclusion, the Court has considered all aspects of the evidence. Some deserve special mention. The expenditures in behalf of minor plaintiff to date are very modest and do not exceed $1500. The most generous possible projection of future expenses is slightly in excess of $80,000. This leaves for consideration the question whether the record justifies the additional award of some $560,000 to plaintiffs. In addressing this question, it must be borne in mind that the good judgment and common sense of the jury must normally be relied upon to arrive at a fair assessment of damages for such injuries as pain and suffering, mental anguish and distress, and psychological damage. Injuries to one's personality are especially difficult to evaluate. The Court is most reluctant to set aside a jury's evaluation of injuries such as those claimed here. Yet, a review of all the evidence leaves this Court convinced that the verdict for damages is not only against the weight of the evidence but is also so clearly excessive and unreasonable that is would be unconscionable to let it stand. Having heard the testimony and

---

1. This defendant made no appearance and judgment against him was by default.

having also observed the demeanor of plaintiffs and the other witnesses who testified, the Court is convinced that the verdict of $640,000 is the result of emotion rather than a calm dispassionate weighing of the evidence. This determination leads in part to the Court's further conclusion that the jury's verdict as to liability should not stand. Accordingly, it would not be proper to sustain the verdict as to liability and order a new trial on the issues of damages only. [Record at 949–50.]

Appellants vigorously contend that the court's grant of a new trial on this basis was error. It is axiomatic that the granting of a new trial for excessiveness of verdict is a matter within the discretion of the trial judge, and therefore may only be reviewed for an abuse of that discretion. *All Weather Storm Windows, Inc. v. Zahn*, D.C. Mun.App., 112 A.2d 496, 497 (1955); *Munsey v. Safeway Stores, Inc.*, D.C.Mun.App., 65 A.2d 598, 600 (1949). The test for determining what constitutes an abuse of discretion by the trial court has been stated as follows:

[b]ecause the views of the trial judge are, like those of a jury, entitled to considerable deference, "we will reverse the grant of a new trial for excessive verdict only where the quantum of damages found by the jury was *clearly* within 'the maximum limit of a reasonable range.' " [*Hines v. Safeway Stores, Inc.*, D.C.App., 379 A.2d 1174, 1176 (1978) (emphasis in original).]

In prescribing this rather limited scope of review, the court in *Hines* repeated what the federal court of appeals here had set forth in *Taylor v. Washington Terminal Company*, 133 U.S.App.D.C. 110, 114, 409 F.2d 145, 149, *cert. denied,* 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed.2d 85 (1969).

We note, however, that in both *Hines* and *Taylor* the appellate court found an abuse

of discretion by the trial court's grant of a new trial for excessive verdict.[2] These decisions demonstrate that, despite the language quoted above, an appellate court's role in such cases is not merely to rubber-stamp the trial court's decision. We note, moreover, that the *Taylor* court expressly followed the Third Circuit's en banc decision in *Lind v. Schenley Industries, Inc.*, 278 F.2d 79 (3d Cir.), *cert. denied,* 364 U.S. 835, 81 S.Ct. 58, 5 L.Ed.2d 60 (1960), explaining that

[i]n *Lind* . . . that court reversed a trial court's grant of a new trial because the verdict was against the weight of the evidence. The court distinguished between cases where a new trial is granted because of some legal error and cases in which the trial judge simply reweighed evidence already submitted to a jury. In cases of the latter sort (in which grants of new trials for excessive general damages must be included), "the [trial] judge takes over, if he does not usurp, the prime function of the jury as the trier of the facts. It then becomes the duty of the appellate tribunal to exercise a closer degree of scrutiny and supervision than is the case where a new trial is granted because of some undesirable or pernicious influence obtruding into the trial. Such a close scrutiny is required in order to protect the litigants' right to jury trial." [*Id.,* 133 U.S.App.D.C. at 113 n. 13, 409 F.2d at 148 n. 13, *quoting from Lind, supra* at 90.]

It appears, then, that the test for appellate review of a trial court's grant of a new trial for excessive verdict is whether after close scrutiny there is firm support in the record for a finding by the trial judge that the verdict is "so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate," given the respect accorded the judge's "unique opportunity to

2. In *Hines,* the court was "persuaded that an award of $26,300 is clearly within the range of reasonable verdicts which might be awarded" for injuries arising from a slip and fall in a supermarket rendering the appellant unable to engage in prolonged employment. 379 A.2d at

1175–77. In *Taylor,* the court found that an $80,000 award was "clearly within the range of reasonable jury verdicts" for fusion of a thirty-year-old man's wrist, special damages, pain and suffering, and a resulting ulcer. 133 U.S. App.D.C. at 114, 409 F.2d at 149.

consider the evidence in the living court-room context." *Taylor, supra* at 113, 409 F.2d at 148. *See generally, Wingfield v. Peoples Drug Store, Inc.,* D.C.App., 379 A.2d 685, 687 (1977); *Vander Zee v. Karabatsos,* 191 U.S.App.D.C. 200, 589 F.2d 723 (1978); *Williams v. Steuart Motor Company,* 161 U.S.App.D.C. 155, 167, 494 F.2d 1074, 1085 (1974); *Airlie Foundation, Inc. v. Evening Star Newspaper Co.,* 337 F.Supp. 421, 431 (D.D.C.1972); and *Graling v. Reilly,* 214 F.Supp. 234, 235 (D.D.C.1963).

■ Here, we find upon review of the record that the trial judge's grant of a new trial meets this standard of appellate review and therefore must stand. The first jury's award was some $560,000 in excess of the future expenses projected for appellants in affording the treatment that their expert witnesses opined was necessary and appropriate for the complainant, *viz.,* attendance at a special school and individual psychotherapy for a year, followed by counselling for her and her family and private schooling for her. Under the circumstances of this case this court must concur in the trial court's finding that the verdict of $640,000 is beyond the maximum limit of a reasonable range within which the jury may properly operate.

Appellants urge (Brief 25–28) that the verdict of $640,000 constituted an award of damages for the *psychological* injury suffered by the victim. Therefore, they argue, citing to J. Stein, Damages §§ 8–10 (1st ed. 1972), since compensation for anxiety, mental suffering and emotional injury is not susceptible to any sort of precise calculation by reason of the nature of such injury, the award for pain and suffering must always stand. They contend that when a jury awards damages, the verdict reflects a consensus and is necessarily *less* arbitrary and capricious than when a judge, who sits alone, awards a new trial for excessiveness of verdict. However, as appellants recog-

nize (Brief at 24), the concept of the court granting a new trial because the verdict is so excessive is well established in this jurisdiction. We are not persuaded that the trial court here acted so arbitrarily by its grant of a new trial for excessiveness of verdict that we must reverse its order.

■ Appellants next challenge certain rulings made by the court prior to the second trial, which was held pursuant to Judge Belson's order and which resulted in a verdict in favor of all the appellees except the janitor. The jury found against him in the amount of $173,000. Judge Goodrich, who presided over the second trial, ruled that in light of Judge Belson's ruling prior to the first trial,[3] appellants could not urge to the second jury a theory of recovery resting upon *respondeat superior* by the District as to the janitor's assaults. The court concluded that since appellants had not prior to the second trial amended their complaint to allege specifically this theory of liability, the issue of whether the janitor was acting within the scope of his employment when he allegedly assaulted the appellant-child could not be presented to the jury.

Appellants contend that on the eve of the second trial the District was not *then* prejudiced by the assertion the janitor's sexual assaults occurred in the scope of his employment because it had been put on notice of their theory of recovery as a result of the considerable discussion by counsel when the court entered its order prior to the first trial. We are not persuaded that the court's ruling now complained of was error under the particular circumstances here: (1) the ambiguity in appellants' complaint, (2) appellants' decision to proceed to trial the first time without asserting their theory although given opportunity by Judge Belson, and (3) appellants' subsequent failure to amend their complaint prior to the second trial.

3. The court had noted in the pretrial order before the first trial that appellants could not urge *respondeat superior* as a theory to support the District's liability for the janitor's actions because the complaint did not so allege. The record reflects that the court ruled that appel-

lants either might proceed to trial as scheduled without presenting the theory or postpone the scheduled trial date and then urge the *respondeat superior* theory. Appellants chose to proceed to trial.

Appellants also contend the court erred prior to the second trial in ruling that they would not be permitted to present *again* to the jury the *very same evidence* they had presented at the first trial to prove the District negligent in its hiring, training and supervising of the janitor. Judge Belson ruled at the first trial upon conclusion of appellants' case that the evidence they presented in support of this theory of the District's asserted liability was insufficient as a matter of law to raise the issue for consideration by the jury.

■ It is well established that a new trial does not require a retrial as to all the parties or issues that were a part of the first trial. *Munsey v. Safeway Stores, supra* at 600; *United Retail Cleaners & Tailors Association v. Denahan,* D.C.Mun.App., 44 A.2d 69, 70 (1945). If the issues in a case are separate and distinct and certain of those issues have been tried and determined in the first trial, there is no necessity for retrying those very same issues, unless a retrial of *all* issues is required in justice to one of the parties. *Id.; Schuerholz v. Roach,* 58 F.2d 32, 33 (4th Cir.) *cert. denied,* 287 U.S. 623, 53 S.Ct. 78, 77 L.Ed. 541 (1932).

■ In our view the court's order of a new trial in the instant case after rendition of a verdict by the first jury rested on its determination that this jury had failed to consider and weigh dispassionately the evidence appellants presented to prove the negligence of the particular appellees who were employed at the school generally in a teacher-pupil relationship to the minor-child appellant. This issue not only was separate and distinct from the issue of the District's hiring, supervising and training of the janitor, but also, as correctly noted by the second judge, this was an issue which the first trial judge had "directed . . . out of the case." Under these circumstances, we perceive no error in the court's ruling prior to the second trial.[4]

■ Finally, appellants contend that the court's instructions to the jury at the second trial on foreseeability and proximate cause were erroneous necessitating reversal. The record reflects that the court gave the instruction on proximate cause set forth in the *Standardized Jury Instructions for the District of Columbia,* (1968 ed.):

The proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred. It is the efficient cause—the one that necessarily sets in operation the factors that accomplish the injury. It may operate directly or by putting intervening agencies in motion. [Supp. Record II at 907–08.]

After further explanation of that test, the court added the following to the charge which appellants then objected to and now cite as error:

However, in order to find defendants liable for the sexual assaults on [the minor child], you must first find that the conduct of the defendants was a *substantial factor* in the assaults. A mere possibility of such causation is not enough and if the possibilities are at best evenly balanced you should find for the defendants. [Supp. Record II at 908; emphasis added.]

Appellants point out, correctly, that the law of negligence in the District has never been that a plaintiff in a negligence action has the burden of proof to establish that the conduct of the defendant was a "substantial factor" in causing the plaintiff's injury.[5] Accordingly, we are of opinion that the court's addition of the "substantial factor" instruction to its charge on proximate cause was improper.

■ Absent prejudice, however, an erroneous instruction will be deemed harmless.

4. Appellants do not assert Judge Belson's ruling on the sufficiency of the evidence they presented was error. (Brief at 16–17.)

5. Although some states have adopted the rule that negligent conduct is a legal or proximate cause of harm to another if it is a "substantial factor" in bringing about the harm, *see generally,* 65 C.J.S. *Negligence* § 107 at 1157 (1966), the rule has not been adopted in this jurisdiction.

*Sowder v. Nolan*, D.C.Mun.App., 125 A.2d 52, 55 (1956); *Beck v. Bechtel Hotels*, D.C. Mun.App., 72 A.2d 36, 38 (1950). In deciding whether the instruction given in the instant case prejudiced appellants, we obtain guidance from a decision by the Arizona Supreme Court dealing with this very same issue. In *McDowell v. Davis*, 104 Ariz. 69, 448 P.2d 869 (1968) (en banc), the trial court had instructed the jury in determining proximate cause that it should look to whether the defendant's conduct *was a substantial factor* in producing plaintiff's injury. On appeal the Supreme Court of Arizona pointed out:

> [T]he instruction is palpably erroneous as inducing the concept of largeness as opposed to smallness. It is not how little or how large a cause is that makes it a legal cause, for a proximate cause is any cause which in a natural and continuous sequence produces the injury and without which the result would not have occurred. [*Id.* at 71, 448 P.2d at 871–72.]

The appellate court concluded that the erroneous instruction had prejudiced the plaintiffs:

> [I]t [was] not only possible but likely that under the instruction a jury would believe that if a defendant's conduct contributed only a little, it was not a proximate cause even though in fact it contributed to producing the injury and without which the result would not have occurred. [*Id.* at 72, 448 P.2d at 872.]

In *McDowell*, the jury, at least, was alerted by the court that the substantial factor test for determining proximate cause was "*another* test of proximate cause . . .." *Id.* at 71, 448 P.2d at 871 (emphasis added). Here, there was no such possibility of choice on the jurors' part since the substantial factor test was added to and made a part of the District's traditional test of proximate cause. Thus, appellants in the instant case had to meet a burden greater than that ordinarily required by law to hold a defendant liable for his negligence. We find the inclusion of the substantial factor test in the court's jury instruction at the second trial on proximate cause to have been reversible error.[6]

The judgment entered in favor of appellees Carter, Spillers and Mitchell and the District, as their employer, is reversed.

The default judgment as to the janitor, appellee Harrison, was not challenged on appeal and is affirmed.[7]

*So ordered.*

---

6. In light of our conclusion that the court's embellishment of the standard instruction on proximate cause with the added concept of substantial factor was error, we need not reach appellants' challenge to the court's charge on foreseeability. We note that the court's instruction was not as restrictive as appellants contend; the charge did *not* require proof of foreseeability on appellees' part to a *sexual* assault but rather instructed that appellees would be liable if the jury concluded *any* assaults had been foreseeable.

7. He was sentenced to imprisonment upon his guilty plea to the crime of carnal knowledge and made no appearance at the trials of this tort action. Appellants contended that the court at the second trial erred in refusing to allow them to introduce as rebuttal evidence certain material emanating from his criminal proceeding. In light of our disposition of this appeal and appellants' recognition (Brief at 22), that they could have presented this evidence in their case-in-chief, we need not consider and determine their contention that the proffer of this particular evidence should have been allowed *on rebuttal* during the second trial.