Esther LACY et al., Appellants,

v.

DISTRICT OF COLUMBIA et
al., Appellees.

No. 12858.

District of Columbia Court of Appeals.

Reargued July 22, 1980.

Decided Dec. 5, 1980.

Samuel M. Shapiro, Washington, D.C., for appellants.

David P. Sutton and Margaret L. Hines, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, and Richard W. Barton, Deputy Corp. Counsel, Washington, D.C., at the time the petition was filed, were on the petition, for appellees.

Before KELLY, KERN and MACK, Associate Judges.

KELLY, Associate Judge:

Appellants, mother and daughter, brought a civil action for assault and battery against a school janitor and for negligence against the principal, a teacher and a guidance counsellor at the daughter's school, as well as against the District of Columbia as their employer, for damages allegedly caused by the janitor's sexual assaults. After an initial trial, appellees' motion for a new trial was granted on the grounds that the verdict against them was excessive, unconscionable and against the weight of the evidence. Upon retrial, a jury returned a verdict in favor of all defendants other than the janitor, against whom a default judgment was entered for $173,000. Appellants appeal the grant of the new trial and various rulings made at the second trial.

A division of this court affirmed the judgment against the janitor and reversed the judgment in favor of the other appellees on the grounds that the inclusion of a substantial factor test in the trial court's instruction to the jury on proximate cause was prejudicial error. *Lacy v. District of Columbia*, D.C.App., 408 A.2d 985 (1979). Upon appellees' petition for rehearing or rehearing en banc, the division voted to rehear the case.

We now readopt our previous opinion in all respects except for the finding of prejudicial error and affirm.

■ This appeal was reheard to consider once again the propriety of a jury instruction, proposed by appellees and given in addition to the standard instruction on proximate cause, which reads:

However in order to find the defendants liable for the sexual assaults on [the minor child], you must first find that it was more likely than not that the conduct of the defendants was a *substantial factor* in the assaults. A mere possibility of such causation is not enough and if the probabilities are at best evenly balanced, you should find for the defendants. [Emphasis added.]

We conclude that the substantial factor instruction, in the context of the entire jury charge, properly stated the law of the District of Columbia and does not constitute prejudicial error.

The trial court's complete charge on the issue of proximate cause is set out in the margin [1] to illustrate the effect of the substantial factor instruction on the jury, and because "[i]t is axiomatic that 'a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.' " *Watts v. United States*, D.C.App., 362 A.2d 706, 709 (1976) (en banc) (quoting *Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 400–01, 38 L.Ed.2d 368 (1973)). This charge includes Standardized Jury Instructions for the District of Columbia (1968), Nos. 64 (proximate cause defined), 65 and 66 (concurring causes), as well as the challenged substantial factor test.

The District of Columbia has not adopted the substantial factor test as a substitute definition of proximate cause; however, use of that test, as an element of proximate cause analysis, has been approved by the United States Court of Appeals for the District of Columbia Circuit in *Graham v. Roberts*, 142 U.S.App.D.C. 305, 441 F.2d 995 (1970), a case with controlling precedential effect upon our decision here. *See M.A.P. v. Ryan*, D.C.App., 285 A.2d 310 (1971). Although *Graham* did not specifically involve a challenge to a substantial factor jury instruction, it did hold that the jury could properly have determined the existence of proximate cause under the substantial factor test as incorporated in the Restatement (Second) of Torts § 431 (1965).[2] *Graham, supra* at 308 n.3, 441 F.2d at 998 n.3.[3]

---

1. The proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred. It is the efficient cause—the one that necessarily sets in operation the factors that accomplish the injury. It may operate directly or by putting intervening agencies in motion. [Standardized Jury Instructions for the District of Columbia (1968), No. 64.]

This does not mean that the law seeks and recognizes only one proximate cause of an injury, consisting of only one factor, one act, one element or circumstance, or the conduct of only one person. To the contrary, several factors, for example, the acts and omissions of two or more persons, may work concurrently as the efficient cause of an injury, and in such a case, each of the participating acts or omissions is regarded in law as a proximate cause. [Standardized Jury Instructions, *supra*, No. 65.]

However, in order to find the defendants liable for the sexual assaults on Britta Lacy, you must first find that it was more likely than not that the conduct of the defendants was a substantial factor in the assaults. A mere possibility of such causation is not enough and if the probabilities are at best evenly balanced, you should find for the defendants. In other words, before you can find against the defendants, you must find that the assaults on Britta Lacy were the natural and probable consequence of negligence of the defendants and that the assaults should have been foreseen in the light of attending circumstances. Without such a causal connection between alleged negligence on the part of the defendants and the assaults, you must find for the defendants.

However, the defendants here, that is Emma Carter, Ruth Spillers, Reginald Mitchell, and the District of Columbia are not the insurers of the safety of students who attend Bunker Hill School. Before you can find against them in this case, you must find that they were negligent and that their negligence proximately caused injury to Britta Lacy.

When the negligent acts or omissions of two or more persons, whether committed independently or in the course of concerted conduct, contribute concurrently, and as proximate causes, to the injury of another, each of such persons is liable. This is true regardless of the relative degree of the contribution. It is no defense for one of such persons that some other person, not joined as a defendant in the action, participated in causing the injury, even if it should appear to you that the negligence of that other person was greater, in either its wrongful nature or its effect. [Standardized Jury Instructions, *supra*, No. 66.]

2. *See* note 5 *infra*.

3. *Graham* concerned a malpractice claim against a dentist for aggravation of a patient's medical condition because of a delay in referring the patient to a specialist. Since the proof at trial established that the dentist-appellee did negligently delay sending the patient-appellant to a specialist, the court, after setting forth the RESTATEMENT'S definition of proximate cause, said: "[i]t would thus be manifestly reasonable to conclude that this delay was a major factor in the worsening of the appellant's condition: hence a substantial factor in causing the harm to the appellant." *Graham, supra* at 308 n.3, 441 F.2d at 998 n.3.

More recently, this court, in reinstating a jury verdict, has quoted approvingly from a jury instruction using the substantial factor test. *Martin v. Washington Hospital Center*, D.C.App., 423 A.2d 913 (1980).[4]

Our conclusion here is reinforced by cases applying District of Columbia law, which, though not binding on us, have persuasively upheld the substantial factor test. *See Daniels v. Hadley Memorial Hospital*, 185 U.S.App.D.C. 84, 92, 566 F.2d 749, 757 (1977) (diversity case applying District of Columbia law to negligence claim against hospital for improper care of patient with potentially fatal condition); *Hicks v. United States*, 167 U.S.App.D.C. 169, 182–84, 511 F.2d 407, 420–22 (1975) (District of Columbia law applied in suit under Federal Torts Claims Act against mental hospital for negligent release of patient who subsequently killed plaintiff).

Additionally, the substantial factor test, as expressed in the instruction under review here, is consistent with *Dunn v. Marsh*, 129 U.S.App.D.C. 245, 248, 393 F.2d 354, 357 (1968), and *Spar v. Obwoya*, D.C.App., 369 A.2d 173, 178 (1977), which hold that the test of proximate cause is whether the injury is the natural and probable consequence of the negligent or wrongful act and ought to be foreseen in light of the circumstances.

We note, first, that the charge given the jury actually included this definition of proximate cause. Standardized Jury Instructions, *supra*, No. 64, incorporates verbatim the first part of this test as expressed in *Dunn v. Marsh, supra* at 248, 393 F.2d at 357, which defined proximate cause as "that cause, which in natural and continual sequence, unbroken by any efficient intervening cause, produces the injury and without which the result would not have occurred." *See* note 1 *supra*. The fuller *Spar* definition was then given following the substantial factor test, in summary of what the jury must find to determine proximate cause. *Id.* Second, while the general definition of proximate cause found in *Dunn* and *Spar* is an accurate and sufficient explanation of the legal concept of proximate cause, it is not the only acceptable definition when it is helpful to reduce the definition to clearer or more explicit terms. The concept of proximate cause is complex enough to merit further explanation, especially in cases of concurrent causes, and the substantial factor test, as given here, is a permissible means of explaining causation, a necessary prerequisite to any finding of proximate cause.

Proximate cause may be divided into a cause-in-fact (causation) element and a policy element.[5] The cause-in-fact requirement assures that no defendant will be liable unless he has in fact caused the plaintiff's harm. The policy element includes various liability-limiting considerations which re-

---

4. The issue on appeal in *Martin* was whether expert psychiatric evidence was required to establish the hospital's liability. Finding sufficient other evidence from which the jury could find negligence and causation, we reversed the trial court's grant of a judgment notwithstanding the verdict and reinstated the jury's verdict.

5. Section 431 of the Restatement (Second) of Torts, states:
   The actor's negligent conduct is a legal cause of harm to another if
   (a) his conduct is a substantial factor in bringing about the harm, and
   (b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm.
   The Reporter's Notes to § 433 explain the definition set forth in § 431 and the reason for the change in § 433 in the 1948 Supplement to the first Restatement:

As legal cause is defined in § 431 it consists of two elements: (a) the actor's conduct must be a "substantial factor" in bringing about the harm; and (b) there must be no "rule of law" which restricts liability for harm occurring in the particular manner in question. On such an analysis the "substantial factor" element deals with causation in fact while the other element deals with a legal policy relieving the actor of liability for harm he has, as a matter of fact, caused. The conclusion that it appears highly extraordinary that the conduct should have brought about the harm has nothing to do with the question whether it did actually "cause" the harm.... It seems obvious that the negligence may have been a "substantial factor" in a particular case regardless of how "highly extraordinary" the chain of events appears in retrospect. [Restatement (Second) of Torts § 433, 3 app., at 129 (1966).

lieve the defendant of liability for harm he actually caused where the chain of events appears "highly extraordinary in retrospect." *See* Reporter's Notes to § 433, Restatement (Second) of Torts, 3 app., at 129 (1966).

The substantial factor test has been said to be the best means of resolving the causation in fact issue: "[a]s applied to the fact of causation alone, the test is of considerable assistance and perhaps no better guide can be found." W. Prosser, The Law of Torts § 42, at 248 (4th ed. 1971) (footnote omitted). As mentioned above, the Restatement's use of that test was approved in *Graham*.

The substantial factor test as articulated in *Graham* is part of the District's law of negligence, and since the instruction as given correctly stated that test, it must be upheld. *Cf. Wingfield v. Peoples Drug Store, Inc.*, D.C.App., 379 A.2d 685, 688 (1977) ("If the party's theory is supported by the evidence then he is of course entitled to have his theory submitted to the jury."); *Evans v. Capital Transit Co.*, D.C.Mun.App., 39 A.2d 869, 871 (1944) (more general instruction not prejudicial since it fully and accurately informed jury as to the law).

While the test may not be appropriate as a complete measure of proximate cause in the sense of all liability-limiting considerations,[6] in this case, the instruction was neither intended as, nor did it have the effect of being, the sole measure of proximate cause. It was given in addition to the more general statements on proximate cause, *see* note 1 *supra*, and a charge on foreseeability. Accordingly, there was no error in giving the instruction.

Whether a substantial factor test could be misleading and prejudicial as an additional instruction on proximate cause where the jury is allowed to compare the relative contribution of a defendant's negligence to the contribution of other causes bringing about the plaintiff's injury is not at issue here. This case therefore differs from the situation in *McDowell v. Davis*, 104 Ariz. 69, 448 P.2d 869 (1968) (en banc), relied upon in our prior opinion, where the jury instruction on the substantial factor test included the following statement:

> *An act or omission cannot be a proximate cause if it contributes only slightly or possibly to the result, for a proximate cause is one which is a material element or a substantial factor in causing the injury.* [*Id.* at 71, 448 P.2d at 871; emphasis in original.]

Unlike *McDowell*, nothing in the additional instruction here suggested to the jurors that they should not find any defendant liable if that defendant's negligence was a small or slight cause of plaintiff's harm, or that they could compare the importance of differing causes. On the contrary, the jury was specifically directed not to quantify the amount of any defendant's contribution to the plaintiff's harm. The proximate cause instruction was prefaced by the following statement:

> You are instructed that the law forbids you to attempt to classify negligence into degrees or grades or kinds, or to compare one instance of negligence with another and judge which is the more deserving of excuse. If you should find that there was negligent conduct on the part of more than one person, you are not to attempt to determine who was guilty of the greater negligence with a view to favoring the one whose conduct was less responsible. If you find that any party to this action was negligent, you will follow the Court's instructions in determining whether or not liability should attach and you should do so without regard to how you might grade or compare the negligence involved if you were permitted to do so.

More importantly, the proximate cause instruction included another directive, patterned on Standardized Jury Instruction No. 66, which made it clear that there may be more than one substantial factor:

---

6. *See* Prosser, *supra* § 42, at 248, and Reporter's Notes, Restatement (Second) of Torts § 433, 3 app., at 129.

When the negligent acts or omissions of two or more persons, whether committed independently or in the course of concerted conduct, contribute concurrently, and as proximate causes, to the injury of another, each of such persons is liable. This is true regardless of the relative degree of the contribution. It is no defense for one of such persons that some other person, not joined as a defendant in the action, participated in causing the injury, even if it should appear to you that the negligence of that other person was greater, in either its wrongful nature or its effect.

Because of this double admonition against a quantitative or comparative test of causation, there is no reasonable basis from which to infer that the jury was misled or confused as to the proper application of the test.

■ Appellants assert that the substantial factor test should apply only to medical malpractice cases where the patient's physical condition is a concurrent cause of his harm. There is no logical reason to draw such a limitation, even if the test is particularly helpful in such cases. *See, e. g., Graham v. Roberts, supra,* and *Daniels v. Hadley Memorial Hospital, supra* (new trial ordered to determine whether hospital's negligent failure to provide proper respiratory assistance and its delay in administering intravenous injection were substantial factors in plaintiff's harm). Application of the test has been approved as a means of establishing proximate cause in other types of negligence actions as well. *See, e. g., Martin v. Washington Hospital Center, supra,* and *Hicks v. United States, supra.* In *Hicks,* the test was applied in a claim against St. Elizabeths Hospital, as an agent of the United States Government, for its alleged negligence in releasing a patient who subsequently killed his wife. In *Martin,* a similar wrongful death action was brought against the Washington Hospital Center for negligently releasing the deceased who demonstrated signs of mental disorientation and killed himself in an automobile crash soon after his release.

In both *Hicks* and *Martin,* as well as in the case before us, the immediate cause of the plaintiff's injury was an alleged intervening act, illustrating that the substantial factor test is properly applicable whenever there are concurring causes of a single injury, regardless of whether the other causes are relatively passive or preexisting, such as a physical condition, or relatively active and occur subsequently, such as intervening negligent or criminal acts. Of course other principles, such as foreseeability and the doctrine of superceding causes may limit liability. *See* discussion note 5 *supra,* and accompanying text.

II

Because we affirm the trial court's substantial factor instruction, we address two other issues raised on appeal which we found unnecessary to decide in our previous opinion. *Lacy v. District of Columbia, supra* at 991 nn. 6 & 7.

In their original brief, appellants cite as reversible error the trial court's instruction on foreseeability of the janitor's criminal actions by the District and the school's supervisory personnel. Specifically, they attack the following segment of the jury charge:

> In this case, the defendants . . . would not be liable for negligence unless the plaintiffs have shown by a preponderance of the evidence that the defendants had actual knowledge that assaults on Britta Lacy would occur or had good reason to anticipate the assaults, and in spite of such knowledge or reason to anticipate they were negligent in failing to take precautions to prevent the assaults.

> \*       \*       \*       \*       \*       \*

> Therefore . . . if you find by a preponderance of the evidence that the defendants . . . had knowledge or should have had knowledge of the likelihood that Britta Lacy would be assaulted while at Bunker Hill School, and after such knowledge that they were negligent in failing to prevent such assaults, then your verdict should be for the plaintiffs.

Appellants' contention is that this instruction was overrestrictive in that it required the jury to find foreseeability of a specific type of harm, *i. e.*, assault, as opposed to *any kind of harm*, before appellees could be held liable for negligence. Imposing this standard of foreseeability on a plaintiff, appellants argue, would make the burden of proof in a negligence case "impossible."

■ The immediate cause of the injury complained of in the instant case was the intervening criminal act of a third party, the school janitor. In like cases, we have held a defendant will be responsible for the damages which result, despite the intervention of another's act in the chain of causation, "[i]f the danger of an intervening negligent or criminal act should have been reasonably anticipated and protected against." *St. Paul Fire & Marine Insurance Co. v. James G. Davis Construction Corp.*, D.C. App., 350 A.2d 751, 752 (1976). "If, however, the intervening act can fairly be said to be that which could not have reasonably been anticipated, plaintiff may not look beyond the intervening act for his recovery." *Id.*[7] *See generally* Prosser, *supra* § 33, at 173–76. In other words, because of the extraordinary nature of criminal conduct, the law requires that the foreseeability of the risk be more precisely shown. Thus, although normally the "defendant need not have foreseen the precise injury, nor 'should [he] have had notice of the particular method' in which a harm would occur," in order to establish proximate cause,[8] *Kendall v. Gore Properties, Inc.*, 98 U.S.App.D.C. 378, 387, 236 F.2d 673, 682 (1956) (footnote omitted), unless the assault was foreseeable, the defendants in this case had no duty to act.

Section 449 of the Restatement (Second) of Torts, which allows liability to attach to a defendant despite intervening criminal acts, states that

If the likelihood that a person may act in a *particular manner* is the hazard or one of the hazards which makes the actor negligent, such an act, whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby. [Emphasis added.]

Comment a following this section makes reference to § 302B of the Restatement which reads as follows:

An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal.

■ Foreseeability of particular conduct is a relevant factor in determining the nature of the risk and the standard of conduct. Three unrelated cases against the same defendant which discuss the question of foreseeability are illustrative. In *Cook v. Safeway Stores, Inc.*, D.C.App., 354 A.2d 507 (1976), and in *Graham v. Safeway Stores, Inc.*, D.C.App., 316 A.2d 852 (1974), we held there was no duty to foresee and guard against a purse snatcher and the intentional pushing of a child against a broken store window. By contrast, in *Viands v. Safeway Stores*, D.C.Mun.App., 107 A.2d 118 (1954), we held that the defendant should have foreseen and guarded against the harm caused by a group of unruly and troublesome boys whose obvious presence was "fraught with continuing danger." *Id.* at 121. The only way to reconcile the different results in the three cases is on the basis of how precisely or definitely the intervening acts could be foreseen.

■ The challenged instruction on this appeal did no more than explain the applicable standard of care in view of the intervening criminal act. Moreover, it is arguable that the court, by conditioning liability

---

**7.** The *St. Paul Fire & Marine Insurance* case held as a matter of law that arson was not a reasonably foreseeable result of the defendant's negligence in allowing building materials and debris to accumulate in a shared alley.

**8.** Some jurisdictions have even said that foreseeability is not properly considered at all as an element of proximate cause but only as an element of the standard of care. *See* Annot., 100 A.L.R.2d 942, 976-79 (1965).

on the foreseeability of "assaults" rather than the foreseeability of "sexual assaults," was more helpful to appellants than the law permits. Consequently, there was no prejudicial error in the court's instruction on foreseeability.

Another matter not squarely addressed in our prior opinion is the claim that the trial court erred in refusing to allow the reading into the record of the transcript of appellee Harrison's (the janitor) plea of guilty in his criminal trial, or, in the alternative, to read the paragraphs of the complaint pertaining to Harrison in order to show the jury on what matters he defaulted.

▬ We reject the contention that this refusal to allow rebuttal evidence constituted reversible error. The purpose of the proffered evidence was to disprove attempts by appellees to show that it was impossible for the minor child to have been raped when and where she claimed the assault had taken place. Since appellants had already read to the jury portions of Harrison's deposition *admitting* the guilty plea and recounting the circumstances of the crime during their case in chief, and given the fact that the record reveals at best an attempt by appellees to prove the impossibility of the assaults occurring, we conclude that the proffer was properly rejected. The decision to admit rebuttal evidence is within the discretion of the trial court; consequently, our review is limited accordingly. "[The trial court] may, in its discretion, and generally should, decline to permit either party to introduce evidence in support of his case in chief on rebuttal, especially on a subject fully covered in his case in chief, unless sufficient reason is offered for not introducing it at the proper time." 88 C.J.S. *Trial* § 102, at pp. 215–16 (1955). We see no abuse of discretion in the trial court's

refusal of the proffered evidence, especially in light of the fact that the jury was specifically instructed that Harrison had plead guilty to the crime of carnal knowledge and was serving a three to nine year sentence.[9]

*Affirmed.*

KERN, Associate Judge, dissenting:

I am unable to agree with the majority's conclusion that "the substantial factor instruction, in the context of the entire jury charge, properly stated the law of the District of Columbia and does not constitute prejudicial error." In my view, the trial court's embellishment of the Standardized Jury Instruction on proximate cause with this specially tailored instruction confused the jurors to the grave prejudice of plaintiff-appellants.

The theory of appellants' case was that appellees, who occupied various positions of responsibility at an elementary school, were negligent in protecting the minor child plaintiff who was a pupil at this school and was, as a result of their negligence, sexually assaulted by another school employee. (R. 54)

The defense advanced by appellees at trial was that there was no evidence presented by plaintiffs upon which appellees could have reasonably anticipated or foreseen a criminal assault upon the child by the school's employee. Therefore, they contended that an intervening criminal act by another, not their negligence, was the cause of the minor child's injury. (R. 650–52)

Appellees argued to the trial judge at the time he prepared his instruction to the jury that Standardized Jury Instruction No. 64, defining proximate cause,[1] was *not* a good instruction "when there is an intervening

---

**9.** Because of our disposition of this issue, we need not address appellees' further argument that the proffered rebuttal evidence would have been improper hearsay.

**1.** This Instruction is:

The proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without

which the result would not have occurred. It is the efficient cause—the one that necessarily sets in operation the factors that accomplish the injury. It may operate directly or by putting intervening agencies in motion. This definition of proximate cause was established for the District of Columbia in 1968. *Dunn v. Marsh*, 129 U.S.App.D.C. 245, 393 F.2d 354 (1968).

criminal act" and "a fuller instruction . . . is more appropriate." (R. 828) Despite appellants' objections, the trial court, after giving Standardized Jury Instruction No. 64, defining proximate cause, and Instruction No. 65, that there might be concurring causes of an injury and "each of the participating acts . . . is regarded . . . as a proximate cause," charged the jurors (R. 908):

> However, in order to find the defendants liable for the sexual assaults on Britta Lacy, you must first find that it was more likely than not that the conduct of the defendants were [*sic*] a substantial factor in the assaults. A mere possibility of such causation is not enough and if the probabilities are at best evenly balanced, you should find for the defendants.

This charge was in my view confusing because it in effect changed the burden of proof on appellants to prove that appellees' negligence caused the injury suffered by the child from the normal standard, "by a preponderance of the evidence," to something greater. The Arizona Supreme Court pointed out the prejudicial confusion a trial court creates by employing the term "substantial factor" in a jury charge on causation:

> The use of the word "substantial" in a jury instruction is open to serious criticism in that it is a source of additional confusion injected into an already difficult area of law. Webster's Third International Dictionary Unabridged, notes a number of varying meanings for the word "substantial"—among these it is defined as "not* * * imaginary, not illusive." Were we certain that it would be understood in this sense, or in the sense of "insignificant", a litigant would have little cause to complain. However, Webster also defines "substantial" as "abundant, plentiful" and "considerable in amount", p. 2280. Commonly, we speak in terms of a substantial amount as in a substantial meal or a substantial income. If this meaning is attributed to the word, the instruction is palpably erroneous as inducing the concept of largeness as opposed to smallness. It is not how little or how large a cause is that makes it a legal cause, for a proximate cause is *any* cause which in a natural and continuous sequence produces the injury and without which the result would not have occurred. [*McDowell v. Davis*, 104 Ariz. 69, 71, 448 P.2d 869, 871 (1968) (en banc) (emphasis in original).]

I agree with this analysis.[2]

Accordingly, I would reverse the judgment on this ground and order a new trial.

**2.** *Graham v. Roberts*, 142 U.S.App.D.C. 305, 441 F.2d 995 (1979) and *Daniels v. Hadley Memorial Hospital*, 185 U.S.App.D.C. 84, 566 F.2d 749 (1975), cited by the majority as having "persuasively upheld the substantial factor test," exemplify situations which were in marked contrast to the instant case. In *Daniels*, the trial court decided the negligence action without a jury and so no jury instruction was even at issue; in *Graham*, the Court of Appeals was concerned with the propriety of the trial judge setting aside a jury's verdict on evidentiary grounds. In both cases, the issue was the medical mismanagement, *vel non*, in treating a patient with a preexisting condition of illness.