**Mark AKINS, Appellant,**

v.

**DISTRICT OF COLUMBIA, et al., Appellees.**

No. 85–1456.

District of Columbia Court of Appeals.

Submitted March 24, 1987.
Decided March 31, 1987.*

---

* A Memorandum Opinion and Judgment in this case was entered on March 31, 1987. It is being published pursuant to this court's order granting the motion of appellee for publication.

Mark Akins, pro se.

Max O. Truitt, Jr. and Richard K. Lahne, Washington, D.C., filed a brief, for appellee IBM.

James R. Murphy, Acting Corp. Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corp. Counsel, and Michele Giuliani, Asst. Corp. Counsel, Washington, D.C., filed a brief, for appellee District of Columbia.

Before TERRY and STEADMAN, Associate Judges, and PAIR, Senior Judge.

STEADMAN, Associate Judge:

Appellant contests dismissal of his suit pursuant to Super.Ct.Civ.R. 12(b)(6), for failure to state a claim under which relief can be granted. Upon review of the pleadings and the relevant case law, we affirm.

## I

Appellant initiated this lawsuit after having been gravely wounded during an armed robbery on May 11, 1982. The perpetrator, Clifford Henry Williams, was out on $3000 bond for two previous armed robberies at the time. The arraignment judges who had twice released Williams in the preceding three-month period had done so on the basis of information which failed to include the record of the disposition of Williams' prior juvenile offenses. The Pretrial Services Agency (PSA) report did note, however, that Williams had a number of prior juvenile arrests. The disposition information was not included in the PSA report because the computer, installed and maintained by defendant IBM, failed to operate and the defendant PSA employees failed to manually retrieve the information.[1] Nonetheless, the PSA report recommended that a hearing be conducted pursuant to D.C. Code § 23–1322(a) (1981) to determine whether Williams would pose a threat to community safety.

## II

Appellant alleges the following facts to demonstrate appellees' liability for negligence: (1) The PSA computer, installed and maintained by IBM, failed to operate on two important occasions; (2) each time, the PSA discovered that their computer was not working, and they could not obtain a full record of Williams' arrest and conviction record; (3) rather than searching for the information by hand, both times the PSA informed the arraignment court that the computer did not work and they could not provide all of the requested information; therefore; (4) the arraignment judge released Williams, once on his own recogni-

---

1. On appeal, appellant adds that Williams had been ordered to appear for a lineup identification for one of the prior robberies and had failed to appear. Since this allegation is raised for the first time on appeal, we will not consider it.

zance and then on a $3000 bond, because he was unaware of the full scope of Williams' previous record.[2] After a hearing, the motions court granted all defendants' motions to dismiss under Rule 12(b)(6). The court based its decision on a number of grounds. We will address only those necessary to resolve this litigation, construing the complaint in the light most favorable to plaintiff, taking his allegations as true. *McBryde v. Amoco Oil Co.,* 404 A.2d 200, 202 (D.C.1979).

### A.

*Appellees District of Columbia, PSA, and PSA employees.* This court has recognized that the District of Columbia and its law enforcement officials "generally may not be held liable for failure to protect individuals from harm caused by criminal conduct." *Morgan v. District of Columbia,* 468 A.2d 1306, 1310 (D.C.1983) (en banc).[3] *Morgan,* like most cases on this subject, deals with a situation where the police have failed to protect an individual from a specific criminal threat. *Id.,* and cases cited therein. We have employed this doctrine, however, to suits which allege negligence by building inspectors in inspection and enforcement of fire safety standards, *Platt v. District of Columbia,* 467 A.2d 149 (D.C.1983); and to suits involving the fire department's alleged breach of duty of care in its ability to respond to a fire, *Chandler v. District of Columbia,* 404 A.2d 964 (D.C.1979). In short, our case law has prohibited suits against the District of Columbia and its employees in situations where the alleged breach of duty involves a duty to the general public to ensure its safety.

The PSA is an agency charged with providing to the courts information regarding prior criminal records. They do so in order to assist the judiciary in determining how to balance public safety concerns against an accused's right to liberty. This duty, like the duty of a building inspector, a

firefighter or a police officer, "is a public duty, for neglect of which the officer is amenable to the public, and punishable by indictment only." *South v. Maryland,* 59 U.S. (18 How.) 396, 403, 15 L.Ed. 433 (1855).

■ We have allowed an exception to this rule only where a specific undertaking to protect a particular individual has occurred, and that individual has justifiably relied upon such an undertaking. *Morgan, supra,* 468 A.2d at 1314–15. Nowhere in the record has appellant alleged any specific undertaking toward appellant by PSA, much less a justifiable reliance thereon. We conclude, then, that appellant's suit against the District and the PSA employees is barred by this "public duty doctrine".

### B.

■ *Appellee IBM.* For this court to conclude that IBM might be held liable to appellant for its assumptively negligent maintenance of the PSA computers, we would have to conclude that IBM's negligence could be characterized as a legal proximate cause of the injury to appellant. When a criminal act intervenes between a defendant's negligence and the injury to the plaintiff, we have required that the injury be highly foreseeable before finding the negligent party liable, due to the "extraordinary nature of criminal conduct." *Lacy v. District of Columbia,* 424 A.2d 317, 322 (D.C.1980). In *Lacy* we approved an instruction which required that the defendants have "actual knowledge that the assaults on [appellant] would occur or [have] good reason to anticipate the assaults...." *Id.* Standing alone, Williams' criminal assault of appellant might possibly be considered a remotely foreseeable result of computer failure at the PSA, but when combined with the intervening inaction of the PSA, and the discretionary decision of the arraignment judge, there is no way to interpret appellant's allegations as showing that appellee IBM had actual knowledge of,

---

**2.** On appeal, appellant does not press the validity of the motions court's ruling regarding his constitutional and civil rights claims. Accordingly we do not consider them.

**3.** At the 12(b)(6) hearing, appellant conceded that the PSA was not *sui juris* and therefore not a proper party defendant.

or good reason to anticipate, Williams' assault.

*Affirmed.*