**In re RELATED ASBESTOS CASES.**

**No. C–79–3588 RFP.**

United States District Court,
N. D. California.

June 2, 1982.

Kenneth W. Carlson, Burke W. Bradley, John Gigounas, Law Offices of Kenneth W. Carlson, Oakland, Cal., Norman B. Hendricks, Law Offices of Norman B. Hendricks, Berkeley, Cal., for plaintiff Deanne J. Snyder.

Gerald C. Sterns, Law Offices of Gerald C. Sterns, San Francisco, Cal., for plaintiffs.

Arthur Jay Moore, Moore, Clifford, Wolfe, Larson & Trutner, Oakland, Cal., for defendant Johns-Manville Corp.

Charles Negley, Douglas G. Wah, Maloney, Chase, Fisher & Hurst, San Francisco, Cal., for defendant Raybestos-Manhattan, Inc.

Frank E. Bondonno, Popelka, Allard, McCowan & Jones, San Jose, Cal., for defendant Owens-Corning Fiberglas Corp.

Ronald E. Hothem, San Francisco, Cal., for defendant Fibreboard Corp.

Berry & Berry, Oakland, Cal., for defendant Celotex Corp.

Winingham, Roberts & Rogie, San Francisco, Cal., for defendant Eagle-Picher Industries, Inc.

Gary T. Drummond, Stevens & Drummond, Walnut Creek, Cal., Haims, MacGowan & McInerney, Oakland, Cal., for defendant Amatex Corp.

Charles W. LaGrave, Law Offices of William J. Duke, San Francisco, Cal., for defendant H. K. Porter Inc.

Law Offices of Hassard, Bonnington, Rogers & Huber, San Francisco, Cal., for defendant Pittsburgh Corning Corp.

Wilkes R. Morgan, Bronson, Bronson & McKinnon, San Francisco, Cal., for defendant Unarco Industries, Inc.

Lawrence E. Mullally, Inc., Oakland, Cal., for defendant Keene Corp.

Gudmundson, Siggins & Stone, San Francisco, Cal., for defendant Armstrong Cork Co.

McCutchen, Doyle, Brown & Enerson, San Francisco, Cal., for defendant GAF Corp.

Law Offices of William I. Duke, San Francisco, Cal., for defendant Southern Textile & Thermoid.

Robert A. Ford, Case & Ford, San Francisco, Cal., for defendant Combustion Engineering, Inc.

Morgenstein, Ladd & Jubelirer, San Francisco, Cal., for defendant Owens-Illinois, Inc.

St. Clair, Zappettini, McFetridge, San Francisco, Cal., for defendant Nicolet, Inc.

Al Norris, Crosby, Heafey, Roach & May, Oakland, Cal., for defendant Southern Pacific Trans. Co.

Stuart M. Gordon, Gordon & Rees, San Francisco, Cal., for defendant The Bendix Corp.

Harold Cohn, O'Connor, Cohn, Dillon & Barr, James L. English, San Francisco, Cal., Douglas L. Field, Taylor & Field, Oakland, Cal., Frederick Bradley, Mead, Bradley, & Keenan, San Francisco, Cal., W. Conrad Hoskins, Bianchi, Hoskins & Rosenberg, San Rafael, Cal., for defendant Ryder Industries, Inc.

James P. Busselle, Ream, Train, Horning, Ellison & Roskoph, Palo Alto, Cal., for defendant Wagner Electric Corp.

Patrick H. Fabian, Sullivan, Roche & Johnson, San Francisco, Cal., for defendant Abex Corp.

Ropers, Majeski, Kohn, Bentley, Wagner & Kane, San Francisco, Cal., for cross-defendant Thiokol Corp.

Law Offices of Glenn P. Lewis, Lafayette, Cal., for cross-defendant Carlisle Corp.

George W. Ball, Low, Ball & Lynch, San Francisco, Cal., for cross-defendant American Motors.

James J. Marchiano, Crosby, Heafey, Roach & May, Oakland, Cal., for cross-defendant Chrysler Corp.

Thompson, Mayew & Michel, Sacramento, Cal., for cross-defendant Worldbestos.

## ORDER

PECKHAM, Chief Judge.

■ Plaintiffs' motion seeking to introduce into evidence certain minutes of the Asbestos Textile Institute came before this court for hearing on April 20, 1982. The court having reviewed the memoranda submitted in support of and in opposition to this motion, and having heard argument of counsel, rules as follows.

The Asbestos Textile Institute (A.T.I.), a trade association of asbestos textile manufacturers, was active from 1944 until some time after 1975. Members of the A.T.I. included Raybestos-Manhattan, Inc., Johns-Manville Corporation, Amatex Corporation, H. K. Porter, Inc., Southern Textile, and Unarco Industries, Inc. Plaintiffs offer the minutes of the A.T.I. as evidence tending to show that these defendants knew of the hazards of asbestos as early as the 1940's, from their receipt of the minutes of the A.T.I. meetings at which such hazards were discussed.

Defendants argue that the documents have not been properly authenticated. Although defendants are not precluded from arguing in the future that specific minutes are not authentic, in general it is not believed that plaintiffs are faced with any insurmountable difficulties with regard to authenticating the minutes. They were produced by Doris Fagan, the executive secretary of A.T.I., from A.T.I.'s files. Defendants have not seriously suggested that they have been tampered with. Plaintiffs stand ready to introduce the depositions of individuals who can identify specific minutes from personal knowledge. Many of the documents are more than twenty years old, and so can be authenticated under the ancient documents rule. Those which are not over twenty years old are so similar in format to the ancient documents as to be easily authenticated by their distinctive characteristics. Thus, we do not anticipate that the plaintiffs will have any difficulty authenticating the minutes through the various avenues available to them under Rule 901 of the Federal Rules of Evidence.

Defendants also object that the minutes are irrelevant because they show only that defendants had knowledge of the hazards of asbestos to plantworkers and not to insulators and shipyard workers like the instant plaintiffs. This argument is unpersuasive. It is a question of fact whether the notice of the dangers as to plantworkers also put defendants on notice of the dangers as to insulators and shipyard workers. Although objections will be entertained that specific items of evidence relating to notice are prejudicial on other grounds, or that the evidence of notice, taken as a whole, is cumulative, we will not exclude as irrelevant all evidence of notice of the hazards of asbestos to plantworkers.

However, the A.T.I. minutes profferred by plaintiffs are unacceptable in their present form. The quantity of irrelevant material in the minutes which plaintiffs have designated far exceeds the material which is arguably relevant. If plaintiffs wish to designate specific portions of the A.T.I. minutes to be read to the jury, their admissibility will be ruled upon when they have been designated in that manner.

This order will apply to all related asbestos cases in the Northern District of California, where counsel have had notice and an opportunity to participate in the hearings on these issues, subject to new developments in the law, or to factual inapplicability of our rulings to specific asbestos cases.

SO ORDERED.

## ON MOTION FOR JUDICIAL NOTICE

Plaintiffs' motion for judicial notice of workers' compensation records came before this court for hearing on April 20, 1982. The court having reviewed the memoranda submitted in support of and in opposition to this motion, and having heard argument of counsel, rules as follows.

■ Plaintiffs seek to introduce up to 127 records and files of the Workers' Compensation Appeals Board of the State of California, the Workers' Compensation Commission of the State of Connecticut, the State of Illinois Industrial Commission, and the United States District Court for the District of New Jersey. These documents, most of which are designated as stipulations and agreements, concern workers' compensation awards which occurred from the 1920's up to the present time. The documents tend to show that the awards were based upon asbestos-related diseases. The award recipients were employees of various defendants to the asbestos litigation before this court. The plaintiffs seek to introduce the documents as evidence that the defendants in question had notice of the hazards of asbestos as of the dates upon which the awards were made.

Although the workers' compensation documents are relevant to the question of notice, it is decided to exclude them, as well as any summaries of them, from the plaintiffs' cases in chief. It is not clear whether each action was settled or adjudicated, and whether, if settled, an action was merely settled for its nuisance value. These questions suggest that admitting the records may pose serious policy concerns. Moreover, the voluminous documents present innumerable collateral issues. The defendants would undoubtedly pursue such issues in detail on cross-examination. The remoteness in time of many of the actions, as well as the multiplicity of jurisdictions in which the actions occurred, insure that such an exercise would not serve to enlighten the jury as to the central issues of the case, but, instead, would cause unnecessary confusion and undue delay. Accordingly, all evidence concerning the workers' compensation records which plaintiffs seek to introduce is hereby deemed inadmissible as part of the plaintiffs' cases in chief, pursuant to Rule 403 of the Federal Rules of Evidence.

The evidence may be of some use to plaintiffs in rebuttal or for impeachment purposes. Such uses of the workers' compensation records is not precluded, but it is requested that the plaintiffs raise the question of using the records for such purposes outside the presence and hearing of the jury prior to proceeding to such uses.

This order will apply to all related asbestos cases in the Northern District of California, where counsel have had notice and an opportunity to participate in the hearings on these issues, subject to new developments in the law, or to factual inapplicability of our rulings to specific asbestos cases.

SO ORDERED.

## ON MOTION FOR PUNITIVE DAMAGES

Defendants' motion on the issue of punitive damages came before this court for hearing on March 23, 1982. The court having reviewed the memoranda submitted in support of and in opposition to this motion, and having heard argument of counsel, rules as follows.

Defendants object to plaintiffs' requests for punitive damages on several grounds.

■ First, they argue that plaintiffs' allegations are insufficient to support their claims for punitive damages. In California, punitive damages are governed by California Civil Code Section 3294, which states that punitive damages may be recovered "where the defendant has been guilty of oppression, fraud, or malice." CCP § 3294(a). Under federal pleading standards, plaintiffs have made allegations of malice sufficient to state a claim for punitive damages. Fed.R.Civ.P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ Second, defendants argue that even if plaintiffs have properly pleaded malice, plaintiffs will be unable to prove malice, so that the claims for punitive damages should be stricken at the outset. Defendants contend in this regard that only the deliberate falsification of information concerning a product qualifies as malice within the meaning of CCP § 3294. For this proposition, defendants cite *Toole v. Richardson-Merrell, Inc.*, 251 Cal.App.2d 689, 60 Cal.Rptr. 398 (1967), in which it was held that such deliberate falsification constituted a showing of malice sufficient to justify an award of punitive damages. However, the *Toole* case did not define deliberate falsification as the only form of malice sufficient to justify an award of punitive damages. The question whether punitive damages should be awarded is within the discretion of the jury, *Davis v. Hearst*, 160 Cal. 143, 116 P. 530 (1911), provided that the jury is properly instructed that malice can consist of the intent to vex, injure, or annoy, or to act with conscious disregard for the plaintiffs' rights or safety. *Taylor v. Superior Court of Los Angeles County*, 24 Cal.3d 890, 895, 157 Cal.Rptr. 693, 598 P.2d 854 (1979). Thus, the jury is empowered to decide that conduct other than deliberate falsification justifies an award of punitive damages. *See, e.g., Grimshaw v. Ford Motor Co.*, 119 Cal. App.3d 757, 174 Cal.Rptr. 279 (1981). We cannot say at the present time that the plaintiffs will be unable to prove malice sufficient to support an award of punitive damages.

However, in order to avoid undue prejudice to defendants in the event that the plaintiffs are unable to prove malice, we will follow the model suggested by California Civil Code Section 3295(a), and will require each plaintiff to produce evidence of a *prima facie* case of liability for punitive damages prior to allowing the introduction of any evidence of the defendants' profits or financial condition.

■ The defendants further contend that the purpose of punitive damages, which is to deter further wrongful acts, *Evans v. Gibson*, 220 Cal. 476, 490, 31 P.2d 389 (1934), would not be served in the present context, where the defendants are already sufficiently deterred from further misconduct by their exposure to cumulative, potentially crippling damages in the nationwide asbestos litigation. This issue is not appropriate for pretrial resolution. It is possible that the plaintiffs will be unable to establish a *prima facie* case of liability for punitive damages as to some or all of the defendants. Such an eventuality would render moot the punitive damages issue as to those defendants. If any plaintiff does establish a *prima facie* case as to some or all defendants, it will be appropriate at that time to consider whether the purpose of deterrence will be served by the imposition of punitive damages upon particular defendants.

■ Finally, defendants raise various constitutional challenges to the awarding of punitive damages. These issues, too, are unsuitable for pretrial resolution. As noted above, at the present stage of litigation, it is not clear that the awarding of punitive damages is factually applicable to the cases before us. Thus, it would be inappropriate to reach the constitutionality of the awarding of punitive damages at the present time.

Accordingly, the defendants' motion that the claims for punitive damages should be stricken on the grounds that imposition of punitive damages here will not serve the purpose of deterrence, and that the imposition of punitive damages would be unconstitutional, is denied without prejudice.

This order will apply to all related asbestos cases in the Northern District of California, where counsel have had notice and an opportunity to participate in the hearings on these issues, subject to new developments in the law, or to factual inapplicability of our rulings to specific asbestos cases.

SO ORDERED.

### ON MOTION FOR USE OF MARKET SHARE THEORY

Plaintiffs' motion for use of the market share theory of liability in the present litigation, and defendants' opposition thereto, came before this court for hearing on March 16, 1982. The court having reviewed the memoranda submitted in support of and in opposition to this motion, and having heard argument of counsel, denies plaintiffs' motion as follows.

The market share theory of liability was created by the California Supreme Court in *Sindell v. Abbott Laboratories, et al.*, 26 Cal.3d 588, 163 Cal.Rptr. 132, 607 P.2d 924 (1980), *cert. denied*, 449 U.S. 912, 101 S.Ct. 285, 66 L.Ed.2d 140 (1980). *Sindell* was a personal injury action arising from the plaintiff's prenatal exposure to the drug DES. Since the plaintiff was suing years later as an adult, it was impossible for her to prove which defendant manufactured the drug her mother had taken. Accordingly, the court shifted the burden of proof to the defendants to prove that each could not have manufactured the product which caused the plaintiff's injuries. Each defendant which could not make that exculpatory showing would be held liable for the proportion of the judgment corresponding to its share of the DES market.

██ After careful consideration of the issue, it is concluded that the market share liability theory was not intended to be applied in a context such as the one which is before the court. Where asbestos is the product in question, numerous factors would make it exceedingly difficult to ascertain an accurate division of liability along market share lines. For example, unlike DES, which is a fungible commodity, asbestos fibers are of several varieties, each

used in varying quantities by defendants in their products, and each differing in its harmful effects. Second, defining the relevant product and geographic markets would be an extremely complex task due to the numerous uses to which asbestos is put, and to the fact that some of the products to which the plaintiffs were exposed were undoubtedly purchased out of state sometime prior to the plaintiffs' exposure. A third factor contributing to the difficulty in calculating market shares is the fact that some plaintiffs were exposed to asbestos over a period of many years, during which time some defendants began or discontinued making asbestos products.

Perhaps more important than the practical difficulty in ascertaining shares here is the fact that, unlike the plaintiff in *Sindell*, who was completely unable to identify which defendant had manufactured the product which her mother had ingested, plaintiffs in the present case apparently plan to call as witnesses individuals who will testify that plaintiffs were exposed to asbestos products manufactured by defendants. Where a plaintiff does have information as to the identity of the defendants who caused his alleged injury, the rationale for shifting the burden of proof in *Sindell* is simply not present. *See generally, Prelick v. Johns-Manville Corporation*, 531 F.Supp. 96 (W.D.Penn.1982); *Starling v. Seaboard Coast Line Railroad Co.*, 533 F.Supp. 183 (S.D.Ga.1982).

Accordingly, each plaintiff is precluded from relying upon the market share theory of liability in the present action.

This order will apply to all related asbestos cases in the Northern District of California, where counsel have had notice and an opportunity to participate in the hearings on these issues, subject to new developments in the law, or to factual inapplicability of our rulings to specific asbestos cases.

SO ORDERED.

### ON MOTION TO DISMISS

Defendants' motion to dismiss plaintiffs' concert of action claims on the ground that

each fails to state a claim upon which relief can be granted came before this court for hearing on March 16, 1982. The court, having reviewed the memoranda submitted in support of and in opposition to this motion, and having heard argument of counsel denies this motion as follows.

■ Under the liberal standards of federal pleading, it is found that plaintiffs have met the requirements for stating a claim for concert of action. Plaintiffs will thus be permitted to produce evidence of concert of action, within the meaning ascribed to that term by the California Supreme Court.

■ For guidance, it is noted that any plaintiff's evidence of concert of action, in order to be relevant, must tend to establish that defendants, in pursuance of a common plan or design to commit a tortious act, actively took part in that act, or furthered it by cooperation or request, or lent aid or encouragement to a wrongdoer, or ratified and adopted wrongful acts done for their benefit. *See Sindell v. Abbott Laboratories, et al.*, 26 Cal.3d 588, 604, 163 Cal.Rptr. 132, 607 P.2d 924 (1980), *cert. denied*, 449 U.S. 912, 101 S.Ct. 285, 66 L.Ed.2d 140 (1980); Prosser, Law of Torts, Section 46, p. 292 (4th ed. 1971). It is not enough for a plaintiff's evidence to establish that the defendants' conduct was merely "parallel or imitative... in that [defendants]... relied upon each others' testing and promotion methods." *Sindell v. Abbott Laboratories, et al., supra*, 26 Cal.3d at 605, 163 Cal.Rptr. 132, 607 P.2d 924. Nor is it enough that defendants "assisted and encouraged one another to inadequately test [the asbestos products in question]... and to provide inadequate warnings." *Id.* at 606, 163 Cal. Rptr. 132, 607 P.2d 924.

Accordingly, each plaintiff shall abstain from any reference, comment, or offer of evidence, either by way of documents or testimony, or any concert of inaction or non-feasance or of any suppression or cover-up on the part of defendants, without first obtaining permission of the court outside the presence and hearing of the jury.

Plaintiff's counsel shall also inform all of the plaintiff's witnesses not to make any references to any documents which refer to the topics just mentioned, and shall themselves not make any such references without first obtaining permission of the court outside the presence of the jury. Furthermore, in order to preclude any possibility of prejudice to defendants in the event that plaintiff is unable to meet his burden of proof on the concert of action issue, plaintiff shall likewise abstain from any use of the terms "conspiracy" and "concert of action" except under the conditions set forth.

This order will apply to all related asbestos cases in the Northern District of California, where counsel have had notice and an opportunity to participate in the hearings on these issues, subject to new developments in the law, or to factual inapplicability of our rulings to specific asbestos cases.

SO ORDERED.

## ON MOTION TO EXCLUDE EVIDENCE OF OTHER LAWSUITS

Defendants' motion to exclude evidence of other asbestos-related lawsuits came before this court for hearing on March 10, 1982. The court, having reviewed the memoranda submitted in support of and in opposition to this motion, and having heard argument of counsel, rules that this motion is granted. Each plaintiff shall abstain from any reference to, comment regarding, or offer of evidence, either by way of documents or testimony, of lawsuits involving alleged asbestos exposure other than the present plaintiff's, without first obtaining permission of the court outside the presence and hearing of the jury. Plaintiff's counsel shall also inform all of plaintiff's witnesses not to make any references to any documents which refer to other asbestos litigation, and themselves shall not refer to any other asbestos-related lawsuits.

It is further ordered that plaintiff's counsel shall not make any reference to the existence or settlement of, or judgment or verdict in, any other asbestos-related lawsuits pending anywhere in the United States, other than the present plaintiff's case, without first obtaining permission of the court outside the presence and hearing of the jury.

It is further ordered that the court and the attorneys for the parties shall make other arrangements regarding prospective jurors' understanding of the existence of other lawsuits as part of the voir dire questioning and when referring to depositions taken in other lawsuits.

This order will apply to all related asbestos cases in the Northern District of California, where counsel have had notice and an opportunity to participate in the hearings on these issues, subject to new developments in the law, or to factual inapplicability of our rulings to specific asbestos cases.

SO ORDERED.

## ON MOTION TO EXCLUDE REFERENCES TO CANCER

Defendants' motion to exclude references to cancer came before the court for hearing on March 10, 1982. The court, having reviewed the memoranda submitted in support of and in opposition to this motion, and having heard argument of counsel, rules as follows.

In any case in which the plaintiff has not contracted cancer: (1) the plaintiff is to abstain from any reference, comment or evidence either by way of documents or testimony as to asbestos products causing cancer or asbestos workers contracting cancer, without first obtaining permission of the court outside the presence and hearing of the jury; (2) plaintiff's counsel is to inform all of the plaintiff's witnesses to not make any such reference or any comments of this nature without prior leave of court; and counsel is strictly to follow these instructions in arguments; (3) in opening statement, plaintiff's counsel may only use the phrase "other asbestos-related diseases" with reference to any statements pertaining to cancer.

This order will apply to all related asbestos cases in the Northern District of California, where counsel have had notice and an opportunity to participate in the hearings on these issues, subject to new developments in the law, or to factual inapplicability of our rulings to specific asbestos cases.

SO ORDERED.

## ON MOTION TO EXCLUDE EVIDENCE ON CLAIM FOR BREACH OF WARRANTY

Defendants' motion to exclude evidence on the claim for breach of implied warranty came on regularly for hearing on March 10, 1982. The court, having reviewed the memoranda submitted in support of and in opposition to this motion, hereby rules that defendants' motion to exclude evidence on the claims for breach of implied warranty is denied without prejudice.

It is further ordered that if any plaintiff fails to offer evidence which would support a jury instruction for breach of implied warranty, no such instruction shall be given. This issue will not be tendered to the jury without such evidentiary support.

This order will apply to all related asbestos cases in the Northern District of California, where counsel have had notice and an opportunity to participate in the hearings on these issues, subject to new developments in the law, or to factual inapplicability of our rulings to specific asbestos cases.

SO ORDERED.