479 So.2d 294 (1985)
Charles E. WARD and Frances Ward, His Wife, Appellants,
v.
The CELOTEX CORPORATION, etc. et al., Appellees.
No. BF-278.
District Court of Appeal of Florida, First District.
December 10, 1985.
Wayne Hogan, Jacksonville, for appellants.
Norwood S. Wilner and Michael J. Marees, of Zisser, Robison, Spohrer, Wilner & Harris, Jacksonville, for appellees.
*295 BARFIELD, Judge.
Charles E. Ward and Frances Ward, his wife, (Ward) appeal from a partial final summary judgment deciding the issue of liability in favor of defendant Keene Corporation. We reverse.
Mr. Ward, the plaintiff, has been diagnosed as having asbestosis and sued a number of asbestos manufacturers, including Keene as successor to Baldwin-Ehret-Hill (BEH). The following deposition evidence was before the judge when he granted the motion for summary judgment. Only the relevant evidence is presented and in a manner favorable to the non-movant.
Ward testified that he felt he may have been exposed to asbestos on a troop ship in World War II and at an aircraft installation in Georgia. This case is concerned, however, with Ward's employment at the Naval Air Rework Facility (NARF) in Jacksonville from 1965 to 1983, when he retired at the age of 59. His job was production controller; he was responsible for routing aircraft parts to various shops for painting, rebuilding, etc., and then for their return to the proper party when the jobs were finished. He was also responsible for maintaining an inventory of materials for the various mechanics and for distributing the materials as needed. He worked in a number of different shops.
Mr. Ward feels that he was around asbestos from three different sources at NARF: some aircraft parts themselves contained asbestos; some of the materials he inventoried and distributed contained asbestos; and overhead pipes in the shops were insulated with asbestos materials (cement or cloth). He also recalled asbestos dust in the air when furnaces were being overhauled. He was unable to identify any asbestos manufacturers. He felt he was "probably" around while pipes were being reinsulated but could not say so for sure.
Billy Roberts, a mechanic, also could not identify any manufacturers. He stated that Ward was in the shop when furnaces were being rebuilt and that there was a lot of dust in the air when bricks were cut but he could not positively identify it as asbestos.
Henry Singleton began with NARF in 1947 and became a production controller (same job as Ward's) in 1954. He retired in 1976. He remembered several manufacturers by name but did not mention BEH; when asked if he had heard of BEH he answered affirmatively but could not say where. He spent most of his time in the fuselage shop and saw overhead pipes repaired once or twice, each job of two or three days duration. He only recalls working in the same shop with Ward for about six months. He was sometimes in the shop when asbestos materials were cut or sanded.
Donald Sims started working at the Public Works Department (PW) of the Naval Air Station in 1961 and was still employed at the time of the deposition. His primary duty is to maintain insulation on pipes around the base, including the NARF facility. He was casually acquainted with Charles Ward and recalled seeing him in the course of his work. He estimated that he was somewhere in NARF every two months to do pipe insulation work, but cannot recall exact places and dates or which products were used on what jobs. He definitely identified BEH as one of the products he used for pipe covering, although he could not state where it was used and admitted that it constituted a small percentage of all the insulation that he utilized. It is not clear from the record how many PW employees were doing the pipe insulation work during the period (there were two at the time of the deposition). NARF did some minor pipe insulation repairs but obtained its materials from PW. PW did major repairs.
Stanley Magarowicz was Ward's direct supervisor from 1965 to '71 and Ward's supervisor's supervisor from '71 until retirement in '82. He testified that overhead pipes were frequently struck by forklifts and that asbestos dust was in the air from broken insulation. The pipes were repaired and the areas were not evacuated. He knew Ward was in the immediate vicinity *296 during some of these occasions. He recognized BEH as the manufacturer of asbestos firewall that was used around the shops and on planes. He thought BEH made asbestos sheets that were used by the mechanics and cut by the production controllers to request, but he could not state that he personally recalled ever seeing Ward cut the sheets.
Cases setting forth the "rules" for consideration of motions for summary judgment are legion. Appellee relies primarily on Landers v. Milton, 370 So.2d 368 (Fla. 1979). There, the court stated:
A movant for summary judgment has the initial burden of demonstrating the nonexistence of any genuine issue of material fact. But once he tenders competent evidence to support his motion, the opposing party must come forward with counter-evidence sufficient to reveal a genuine issue. It is not enough for the opposing party merely to assert that an issue does exist.
Id. at 370. The precise issue in this case is whether the depositions comprise competent evidence in support of the motion. They do not establish the absence of any genuine issue of material fact. On the contrary, they present a jury question as to whether plaintiff was exposed to defendant Keene's predecessor's products.
In this case, plaintiff was not an asbestos worker and had no knowledge of the products to which he was exposed. It is axiomatic that he must therefore rely upon the testimony of others to establish his exposures. The testimonies of Mr. Sims and Mr. Magarowicz are strong circumstantial evidence that Ward was exposed to BEH asbestos products. They both placed him near activities where asbestos was used and testified that some of the asbestos used in those activities was manufactured by BEH. Neither witness, however, put Ward in the same time and place as the BEH product. That is the type of evidence that the defendant demands and which this plaintiff (and almost any other similarly-situated asbestosis plaintiff) can never produce. This is a question for the jury and summary judgment was improperly entered. See Vilardebo v. Keene Corp., 431 So.2d 620 (Fla. 3d DCA 1983).
REVERSED.
ERVIN and JOANOS, JJ., concur.