Dorothy E. WHITE, as widow of Edward F. White, and Douglas E. White, as surviving son of Edward F. White, Plaintiffs–Appellants,

v.

The CELOTEX CORPORATION; Owens–Corning Fiberglas Corporation; Owens–Illinois, Inc., an Ohio corporation; Fibreboard Corp., a Delaware corporation; GAF Corporation, a Delaware corporation; Armstrong World Industries, Inc., a Pennsylvania corporation; Man Raybestos Manhattan, Inc., a Con-

necticut corporation; Nicolet Industries, a Pennsylvania corporation; Eagle–Picher Industries, Incorp.; Keene Corporation, a New Jersey corporation; Pittsburgh Corning Corporation, an Ohio corporation; Combustion Engineering, Inc., a Delaware corporation; Amatex Corporation, Garlock, Inc., a foreign corporation; Standard Insulations, Inc., a Missouri corporation; Standard Asbestos Manufacturing and Insulating Company, a Missouri corporation; Carey Canada, Inc., a foreign corporation, U.S. Minerals Products Co., a New Jersey corporation; National Gypsum Co., Rock Wool Manufacturing Company, an Alabama corporation; H.K. Porter, a Delaware corporation; Flintkote Company, Metalclad Insulation Corporation of Arizona; Williams Insulation Co.; Williams Insulation Materials, Inc.; John Does, I–X, Black and White Corporations, I–XX; Raymark Industries, Defendants–Appellees.

No. 88–15634.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 13, 1989.

Decided July 2, 1990.

Philip J. Hall, Dennenn L. Peterson, and Janice A. Wezelman, Miller, Pitt & McAnally, Tucson, Ariz., for plaintiffs-appellants Dorothy E. White and Douglas E. White.

Richard A. Hayden, and Rex Armstrong, Bogle & Gates, Portland, Or., for defendants-appellees Owens–Corning Fiberglas Corp., Owens–Illinois, Inc., Fibreboard Corp., Armstrong World Industries, Inc., Keene Corp., Pittsburgh Corning Corp., and Rock Wool Mfg. Co.

James H. Cook, and Robert E. Gallagher, Stutz, Gallagher & Antiano, San Diego, Cal., for defendant-appellee Celotex Corp.

Before HALL, BRUNETTI and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

Dorothy E. White, as the widow of Edward F. White, and Douglas E. White, as Edward's surviving son, (the Whites), brought suit in the state court of Arizona against the Celotex Corporation and a variety of other manufacturers, miners, importers, converters, compounders, retailers, sellers, or distributors of asbestos and products containing asbestos, (the Defendants). The Whites sought damages for the asbestos-caused death of Edward White. The Defendants removed the case to the federal district court. The district court granted summary judgment in the Defendants' favor. The Whites appealed. We affirm the judgment of the district court.

### The Evidence Proffered by the Whites

Edward and Dorothy White were married in 1957. According to affidavits executed by Dorothy and Douglas, from 1957 to 1983 Edward's occupation consisted of remodeling buildings damaged by flood or fire. The work entailed the removal of insulation that contained asbestos. At the age of 62 he was diagnosed as having malignant mesothelioma, a cancer that is frequently caused by asbestos. He died of mesothelioma on March 6, 1984.

The Whites were unable to locate any of Edward's former employers. During the period of 1957 through 1983 the Defendants were engaged in selling insulation that contained asbestos, but the Whites were unable to identify any of the Defendants as having manufactured, sold or distributed any particular asbestos product with which Edward came in contact.

### PROCEEDINGS

The Whites moved to certify to the Arizona Supreme Court the question of whether Arizona would adopt the theory of market share liability in asbestos litigation. The Defendants moved for summary judgment. The district court held, first, that the Whites had failed to produce credible evidence that Edward White had been exposed to asbestos products and, second,

that the Whites had failed to adduce any evidence of the Defendants' respective market shares of the asbestos market and any evidence as to the relevant time period in which to examine the question of market share. Accordingly, the district court entered judgment for the Defendants and denied the Whites' motion for certification. The Whites appealed.

## ANALYSIS

 *First.* The Whites proffered no evidence that Edward White had been exposed to any particular product produced or distributed by the Defendants. The fact that Defendants were making or marketing asbestos between 1957 and 1983 did not constitute evidence that they had done so in relation to the asbestos in any building with which Edward White may have come in contact. For all that the Whites could show, even if their affidavits were given full weight, any asbestos affecting Edward White had been installed before 1957 and as to this period the Whites proffered no proof as to the activities of the Defendants. Hence, the Whites had no case against the Defendants.

▪ ██ *Second.* There was no reason to certify the question of market share liability to the Supreme Court of Arizona. There was, as already indicated, no evidence that the Defendants had been in the market at a time relevant to Edward's injuries. Secondly, the reasons why the theory of market share liability, adopted in California in relation to the drug DES, is entirely inappropriate in asbestos litigation, have been succinctly set out by Chief Judge Peckham in *In re Related Asbestos Cases,* 543 F.Supp. 1152 (N.D.Cal.1982):

1) Unlike DES, which is fungible, asbestos fibers are of several varieties, used in varying quantities in the various products that contain asbestos, and each is different in its harmful effect;

2) Asbestos is put to numerous uses;

3) Some of the products to which a plaintiff could be exposed would undoubtedly have been purchased out of the state prior to the exposure of the plaintiff; and

4) A plaintiff may be exposed to asbestos over a period of many years, during which time some of the defendants will have begun or discontinued the making and marketing of asbestos products.

*See id.* at 1158.

It is highly unlikely that the Supreme Court of Arizona would adopt in asbestos litigation a theory that it has not even adopted as to a single, fungible product. The question is not close and so the district court did not err in exercising its discretion to deny certification. *See In re McLinn,* 744 F.2d 677, 681 (9th Cir.1984).

AFFIRMED.