**James HYDE and Naomi Hyde, Plaintiffs,**

v.

**OWENS–CORNING FIBERGLAS CORPORATION, et al., Defendants.**

**No. CIV 89–259 PHX RCB.**

United States District Court, D. Arizona.

Aug. 1, 1990.

Marilee Neff, Brian D. Weinstein, Baron & Budd, P.C., Dallas, Tex., and Rick Gonzales, Gonzales and Villarreal, Tucson, Ariz., for plaintiffs.

Ronald H. Shear, Peter J. Petterly, Tilly & Graves, P.C., Denver, Colo., and Steven Copple, Rake Copple, Downey & Black, P.C., Phoenix, Ariz., for defendants.

**ORDER**

BROOMFIELD, District Judge.

Plaintiffs James Hyde and Naomi Hyde brought suit against Owens–Corning Fi-

---

berglas Corporation ("Owens–Corning") and a number of other manufacturers, retailers, sellers, or distributors of products containing asbestos. Plaintiffs allege that during his approximately 30 years of working as a construction carpenter from 1947 to 1976, James Hyde was occupationally exposed to various asbestos-containing construction and insulating materials resulting in a diagnosis of asbestosis.

Owens–Corning moves for summary judgment on the basis that plaintiff has failed to produce sufficient evidence of actual exposure to any asbestos-containing products manufactured, distributed or sold by Owens–Corning. Owens–Corning argues that as a threshold to pursuing this lawsuit, the plaintiff must establish causation by producing sufficient evidence to support a finding that plaintiff was directly exposed to defendant's asbestos-containing products. *Citing Lee v. Celotex Corp.*, 764 F.2d 1489, 1490–91 (11th Cir.1985). Owens–Corning contends that the totality of Mr. Hyde's exposure evidence consists of identification of "Kaylo pipe-covering" at unidentified jobsites over an 18–year period beginning in 1951 through 1969. Kaylo is the brand-name for insulation tubing and block material manufactured and/or distributed in the 1940's and 1950's by both Owens–Corning and at least one other manufacturer. Asbestos was used in Kaylo as a suspension agent to provide reinforcement and prevent cracking. See *Kisor v. Johns–Manville Corp.*, 783 F.2d 1337, 1339 n. 3 (9th Cir.1986). Owens–Corning states that it did not distribute asbestos-containing pipe, block or core insulation prior to 1953 and did not manufacture asbestos-containing pipe, block or core insulation prior to 1958.

Although Owens–Corning manufactured Kaylo pipe-covering during the relevant time period, plaintiffs do not specifically allege or offer evidence tending to indicate that Owens–Corning was the actual manufacturer of the particular Kaylo pipe-covering in question.

In response, plaintiffs argue that Hyde has testified under oath that he worked around Kaylo pipe-covering and described its color and that, thus, a fact issue has been created for the jury as to whether plaintiff was exposed to Kaylo.

Review of Hyde's deposition indicates that Hyde testified that he worked around Kaylo pipe-covering during his career as a carpenter which was during the years in which Owens–Corning made Kaylo pipe-covering. Hyde never specifically identifies Owens–Corning as the manufacturer of the Kaylo he purportedly worked around.

In addition to the *Lee* case cited above, Owens–Corning cites several other cases for the general proposition that causation must be established by showing that plaintiff's injuries were caused by exposure to a specific product manufactured, distributed or sold by Owens–Corning. Evidence of the exposure may be by plaintiff's direct identification of the product manufacturer or by evidence from co-workers that plaintiff worked in the same vicinity as defendant's products. The fact that a defendant's asbestos-containing product was supplied to a worksite is insufficient to establish liability. *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1481 (11th Cir.1985). "To support a reasonable inference of substantial causation from circumstantial evidence there must be evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked." *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162–63 (4th Cir.1986).

In this Circuit, the Court of Appeals recently issued a decision affirming a district court's granting of summary judgment in a factually similar case. *White v. Celotex Corporation*, 907 F.2d 104 (9th Cir.1990). In *White*, plaintiff worked as remodeler from 1957 to 1983. In affirming summary judgment for the defendants, the Ninth Circuit stated:

The Whites proffered no evidence that Edward White had been exposed to any particular product produced or distributed by the Defendants. The fact that Defendants were making or marketing asbestos between 1957 and 1983 did not constitute evidence that they had done so in relation to the asbestos in any building with which Edward White may have

come in contact. For all that the Whites could show, even if their affidavits were given full weight, any asbestos affecting Edward White had been installed before 1957 and as to this period the Whites proffered no proof as to the activities of the Defendants. Hence, the Whites had no case against the Defendants.

■ Likewise, in this case plaintiffs have provided no evidence with respect to the time, location and actual circumstances of Mr. Hyde's exposure to Owens–Corning's product. To withstand summary judgment in an asbestos case, a plaintiff must produce evidence which puts the manufacturer's product at the victim's job site within his employer's facility. *Roehling v. National Gypsum Co. Gold Bond Building Products*, 786 F.2d 1225, 1228 (4th Cir. 1986). Consequently, summary judgment as to Owens–Corning is warranted.

IT IS ORDERED granting defendant Owens–Corning's motion for summary judgment (Doc. # 70).

IT IS FURTHER ORDERED vacating as moot, defendant Owens–Corning's motion for summary judgment re: punitive damages (Doc. # 68).

IT IS FURTHER ORDERED vacating as moot, plaintiffs' motion for one day extension of time (Doc. # 76).