James R. BENSHOOF and Doris N. Benshoof, Plaintiffs,

v.

NATIONAL GYPSUM COMPANY, a Delaware corporation, et al., Defendants.

Goldman ENGLAND, et ux., Plaintiffs,

v.

NATIONAL GYPSUM COMPANY, a Delaware corporation, et al., Defendants.

Gerald DUBE and Patsy Lee Dube, Plaintiffs,

v.

NATIONAL GYPSUM COMPANY, a Delaware corporation, et al., Defendants.

Nos. CIV 87-2160-PHX-RGS, CIV 87-2218-PHX-RCB and CIV 87-2183-PHX-RCB.

United States District Court, D. Arizona.

March 9, 1991.

---

5. The Court notes that claimant admitted during her testimony that, even on her version of the facts, she wondered whether the money was drug-related.

Gerald Barrett, Phoenix, Ariz., for plaintiffs.

Ronald H. Shear, Peter J. Fetterly, Steven D. Copple and M. Patrick Rake, Denver, Colo., for defendants.

## ORDER

STRAND, District Judge.

### BACKGROUND

The three consolidated asbestos actions at issue in these summary judgment motions are the lead case, *Benshoof v. National Gypsum*, 87–2160–PHX–RGS, *England v. National Gypsum*, 87–2218–PHX–RCB, and *Dube v. National Gypsum*, 87–2183–PHX–RCB. All three plaintiffs were sheet metal workers and allege personal injuries from occupational exposure to asbestos-containing products. In these motions for summary judgment, Owens–Corning Fiberglass ("OCF") is seeking dismissal for lack of frequency, regularity, or proximity evidence to any OCF product to the degree that no causation can be established. As the analysis for all the motions will be identical, the discussion will proceed collectively and individual differences will be discussed where relevant.

### SUMMARY JUDGMENT STANDARD

In evaluating a summary judgment motion, the inquiry is whether, with respect to any dispositive issue, the pleadings and supporting materials show there is no genuine issue of material fact, and if not, whether viewing the evidence and inferences which may be drawn therefrom in a light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988); *Fruehauf Corp. v. Royal Exch. Assur. of America*, 704 F.2d 1168, 1171 (9th Cir.1983) (citing *Federal Deposit Ins. Corp. v. First Nat. Fin. Co.*, 587 F.2d 1009 (9th Cir.1978)).

The moving party must produce admissible evidence establishing the absence of a genuine issue of material fact. *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1413 (9th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). Moreover, at the summary judgment stage, the court's function is not to weigh the evi-

dence and determine the truth of the matter, but merely to determine whether there is a genuine issue for trial. *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). If the non-moving party will bear the burden of proof at trial as to any element essential to its case, that party can withstand a motion for summary judgment only by making a showing sufficient to establish a genuine issue of fact regarding that element and a showing that the dispute properly may be resolved only by the fact-finder because it could reasonably be resolved in favor of either party. *California Architectural Bldg. Prod.,* 818 F.2d at 1468 (citing *Celotex Corp.,* 477 U.S. at 321, 106 S.Ct. at 2552–53; *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511).

■ In order to make such a showing, the party opposing the motion must present specific facts in support of its contentions and must support these facts by proper evidentiary material, which when coupled with undisputed background and contextual facts, show that the fact-finder could reasonably find in his favor; the non-moving party cannot merely rest on his pleadings. Fed.R.Civ.P. 56(e). *See also T.W. Elec. Service, Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 631 (9th Cir. 1987) (citations omitted); *SEC v. Murphy,* 626 F.2d 633, 640 (9th Cir.1980) (citations omitted). Moreover, where the factual context makes the non-moving party's claim implausible, that party must come forward with evidence even more persuasive than would otherwise be necessary to show that there is a genuine issue for trial. *California Bldg. Prod.,* 818 F.2d at 1468 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

## MOTIONS FOR SUMMARY JUDGMENT

■ Defendant OCF argues the respective plaintiffs cannot establish proximate cause which warrants recovery from OCF. OCF argues plaintiffs must establish proximate cause whether they are proceeding in strict liability or in negligence, *Gosewisch*

*v. American Honda Motor Co.,* 153 Ariz. 400, 737 P.2d 376 (1987), and that recovery in an asbestos case requires proof that an injured plaintiff was exposed to a particular defendant's asbestos-containing product, citing the Fourth Circuit interpreting Maryland law (*Lohrmann v. Pittsburgh Corning Corp.,* 782 F.2d 1156 (4th Cir. 1986)), and the Tenth Circuit interpreting Nebraska law (*Menne v. Celotex Corp.,* 861 F.2d 1453 (10th Cir.1988)).

This court, however, applies Arizona law under *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and Arizona courts have repeatedly defined proximate cause as "any cause which in a natural and continuous sequence produces the injury and without which the result would not have occurred." *McDowell v. Davis,* 104 Ariz. 69, 71–72, 448 P.2d 869, 871–72 (1968); *Robertson v. Six Pence Inns of America, Inc.,* 163 Ariz. 539, 789 P.2d 1040, 1047 (1990).

The question of causation under Arizona law is ordinarily one for the jury to decide. *Six Pence Inns,* 789 P.2d at 1047. Summary disposition on the issue of proximate cause is appropriate when "plaintiff's evidence does not establish a causal connection, leaving causation to the jury's speculation...." *Id.*

### A. Plaintiff Benshoof

Mr. Benshoof was a sheet metal worker for twenty-nine years and while co-workers have testified that OCF's asbestos-containing products were present on jobsites where plaintiff was employed, the record before the court does not permit it to conclude that plaintiff has established actionable exposure to OCF products.

Mr. Benshoof's exposure to OCF products was limited. He cannot recall any jobsite where he could identify any asbestos-bearing product manufactured by defendant OCF. He was employed at several jobsites were OCF products were located or installed, but even this circumstantial evidence by way of co-worker testimony merely established that asbestos was present. This evidence did not, for example, identify the manufacturer, in what products the

asbestos was found, and whether the fibers of those products were in a disturbed state while plaintiff was present. The facts establish, for example, that plaintiff Benshoof was present at the Firestone Plant, but the most a co-worker can establish is that OCF products were also present at the plant. There was nothing in the record that placed Mr. Benshoof at the locations where the OCF products were being installed or disturbed so that the fibers from the product would be airborne.

His exposure evidence does not indicate that OCF was the manufacturer of any of the asbestos which has caused his injuries. "The fact that a defendant's asbestos-containing product was supplied to a worksite is insufficient to establish liability." *Hyde v. Owens–Corning Fiberglass Corp.*, 751 F.Supp. 832, 833 (D.Ariz.1990) (citing *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1481 (11th Cir.1985)).

Under the *Celotex* standard, a plaintiff satisfies his burden under Rule 56 if he comes forward with direct or circumstantial evidence of at least one exposure to defendant's products. As this has not been done in this instance, summary judgment for defendant OCF is appropriate.

### B. *Plaintiff England*

Plaintiff England was a sheet metal worker for 17 years and alleges exposure to OCF asbestos-bearing products at jobsites where he was employed. Analogous to the Benshoof case, plaintiff England states that he was present at various jobsites where OCF products, including Kaylow pipe covering and block, were used and installed. Plaintiff's evidence, however, does little more than state that at various times he worked on jobsites where, at various times, some asbestos-containing product was also present. There is no evidence offered to show that plaintiff worked with, was exposed to, or was even in the vicinity when OCF products were being used.

### C. *Plaintiff Dube*

Plaintiff Dube was employed as a sheet metal worker for thirty-seven years and argues that summary judgment should be denied because co-worker testimony places him at jobsites where OCF's asbestos-containing products were present. Further, plaintiff Dube offers testimony that he used Kay-low for about a week in 1969. Yet there is still no evidence that links plaintiff Dube to the inhalation of the injurious fibers of asbestos products. Without more, there is little evidence, direct or circumstantial, which places plaintiff Dube in a situation capable of seeking redress from this defendant.

■ As an alternative theory against summary judgment, plaintiff appears to argue that a market share approach to liability should be considered, and that as of now, all the potential manufacturers of asbestos products are present in these lawsuits. Plaintiff contends that all defendants who produced Kay-low or other asbestos-containing products should be held liable even though plaintiffs cannot identify a specific manufacturer of Kay-low or other asbestos-containing product to which plaintiffs may have been exposed. This approach, however, has been expressly rejected in this circuit. *White v. Celotex Corp.*, 907 F.2d 104 (9th Cir.1990).

In *White*, the district court granted summary judgment in favor of defendants on the same issue raised here: that plaintiff could not proffer any evidence which tended to demonstrate exposure to any of the products manufactured by the moving party. The Ninth Circuit panel upheld this finding, as well as refusing to accept an invitation to certify the question of market share liability to the Arizona Supreme Court as that theory, which was adopted in California in the cases involving the drug DES, is entirely inappropriate to asbestos litigation, *Id.* (citing *In re Asbestos Cases*, 543 F.Supp. 1152 (N.D.Cal.1982)), and that it would be "unlikely" that the Arizona Supreme Court would adopt such a view, in light of the fact it had not adopted such an approach "as to a single, fungible product." *Id.*

Accordingly,

IT IS ORDERED granting summary judgment in favor of defendant Owens–

Corning Fiberglass Corporation and against plaintiffs Benshoof, England, and Dube.