PER CURIAM:
Plaintiffs-Appellants James Benshoof, Goldman England, and Gerald Dube are suing several asbestos manufacturers for damages arising under Arizona law. They allege injuries resulting from their occupational exposure to asbestos in the various defendants’ products. The district court granted summary judgment for one of the defendants, appellee Owens-Corning Fiberglas (OCF), dismissing the actions as to it on the ground that the plaintiffs’ affidavits were insufficient to establish that OCF products proximately caused their injuries. Benshoof v. National Gypsum Co., 761 F.Supp. 677, 680-81 (D.Ariz.1991). The district court certified the dismissal as a final judgment under Fed.R.Civ.P. 54(b) and this timely appeal followed. We have appellate jurisdiction under 28 U.S.C. § 1291.
Our review of the pleadings and affidavits before the district court convinces us that the appellants have not sustained their summary judgment burden. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Appellants’ submissions failed to present facts sufficient to demonstrate “some reasonable connection between defendant’s act or omission and plaintiff’s damages or injuries” as required by Arizona law. See Robertson v. Sixpence Inns of America, Inc., 163 Ariz. 539, 789 P.2d 1040, 1047 (1990). In McDowell v. Davis, 104 Ariz. 69, 448 P.2d 869, 871-72 (1968), the Supreme Court of Arizona set forth the relevant standard applied by the district court in this case:
The proximate cause of an injury is that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not have occurred.
Only when a plaintiff’s evidence “does not establish a causal connection, leaving causation to the jury’s speculation, or where reasonable persons could not differ on the inference derived from the evidence,” should the court remove this question from the jury. Robertson, 789 P.2d at 1047. Arizona has no reported cases of suits for damages arising out of physical injury due to asbestos exposure. We note that other jurisdictions allow asbestos cases to proceed even where the evidence is largely circumstantial, but such circumstantial evidence must support an inference that the dust inhaled by the plaintiff contained asbestos manufactured by the defendant. *477 See, e.g., Ward v. Celotex Corp., 479 So.2d 294 (Fla.Dist.Ct.App.1985).
The district court opinion sets forth each appellant’s allegations. With a single exception, the appellants were unable personally to identify an occasion when they worked with or were exposed to an asbestos-bearing product manufactured by OCF.[1] Instead, they offer affidavits of coworkers who recall seeing OCF products installed or used on various site locations. With respect to certain projects, the affidavits establish only that OCF asbestos may have been present at locations where the appellants worked, but not that it was disturbed or could have been inhaled at that time. With respect to other projects, the affidavits allege that OCF asbestos was disturbed and airborne at some time, but not when the plaintiffs were present on the site. The affidavits do not support the allegation that the plaintiffs inhaled asbestos dust in places where, and at times when, OCF products were being installed or dust from such products was airborne. Cf. Lockwood v. AC & S, Inc., 109 Wash.2d 235, 744 P.2d 605, 612-13 (1987) (testimony that defendant’s asbestos was among those used during overhaul of ocean liner and that defendant worked with and inhaled asbestos during overhaul of liner was sufficient to withstand motion for directed verdict); Ward, 479 So.2d at 296 (testimony that placed the plaintiff near activities where asbestos was used and showed that some of the asbestos used in those activities was the defendant’s was sufficient to survive summary judgment).
The “single exception" mentioned above is Dube’s allegation regarding his work on a project in Ajo, Arizona. This is the only instance in which any of the appellants establishes that he actually worked (albeit briefly) with or around OCF products which were in use and may have been airborne. Because Dube’s affidavits support only this single allegation, we are faced with the question of whether the one-week exposure alleged here could be sufficient to establish proximate causation. The district court held that, “[wjithout more, there is little evidence, direct or circumstantial, which places plaintiff Dube in a situation capable of seeking redress from this defendant.” 761 F.Supp. at 680. Appellants respond that a “little” bit of causation is enough under Arizona law. In support of this proposition, appellants cite Robertson v. Sixpence Inns, 789 P.2d at 1047, to the effect that liability may exist “even if defendant’s conduct contributes ‘only a little’ to plaintiff’s damages.” The rest of that sentence, however, imposes a condition on such minor causes: they must be such that “the damages would not have occurred but for that conduct.” Id. Appellants are correct that, to date, the Arizona courts have declined to adopt the substantial factor test as a definition of proximate cause. See, e.g., McDowell v. Davis, 104 Ariz. 69, 448 P.2d 869, 871-72 (1968). In its place, however, Arizona courts continue to require that a defendant’s conduct be a “but for” cause in order to find proximate causation.
We need not decide whether, faced with a complex set of concurrent factors such as that posed in asbestos litigation, the Arizona courts would moderate their adherence to the “but for” test. Since Dube’s single week of exposure to OCF products over his 37-year career as a sheet metal worker was neither a substantial factor in the onset of his alleged asbestosis nor, certainly, an event “without which the injury would not have occurred,” Robertson, 789 P.2d at 1047 (citing McDowell, 448 P.2d at 871), he fails to establish the requisite “reasonable connection” which Arizona law requires between a plaintiff’s injury and a defendant’s product or negligence. Appellants have offered no law from any jurisdiction which suggests otherwise.
Appellants have failed to show that OCF was the proximate cause of their injuries. There is simply no evidence that OCF prod *478 ucts were in the mix of substances which allegedly caused appellants to fall ill.
The judgment of the district court is AFFIRMED.

. This alone would not be fatal to the appellants' claims. The Arizona courts would doubtless recognize, as have other courts, that "[b]e-cause of the long latency period of asbestosis, the plaintiffs ability to recall specific brands by the time he brings an action will be seriously impaired.” Lockwood v. AC & S, Inc., 109 Wash.2d 235, 744 P.2d 605, 612 (1987).