COOK, Justice
(concurring in part and dissenting in part).
The majority affirms a summary judgment entered in favor of Arco Marine, Inc., Atlantic Richfield Company, Unocal Corporation, National Bulk Carriers, Inc., and Chevron USA, Inc. (“Chevron”), against the plaintiff Miller in this wrongful-death action. I concur to affirm as to all but Chevron. As to the portion of the judgment involving Chevron’s liability, I respectfully dissent.
The applicable law is, of course, maritime law. The theory of this case is that Williams, the plaintiffs decedent, was exposed to benzene while serving aboard certain ocean-going vessels, and, as a consequence of this exposure, “developed a cancer of the blood-forming organs known as multiple myeloma,” from which he died. As to Chevron, I believe Miller presented substantial evidence indicating that Williams was exposed to benzene on Chevron’s vessels.
The problem in this case is that Williams is dead; he cannot testify as to what he did as a seaman that would have exposed him to benzene. In toxic-tort cases, however, it is well established that a plaintiff may rely on the testimony of coworkers to establish his or her exposure to a defendant’s products. See Dillon v. Fibreboard Corp., 919 F.2d 1488 (10th Cir.1990); Johnson v. Celotex Corp., 899 F.2d 1281 (2d Cir.), cert. denied, 498 U.S. 920, 111 S.Ct. 297, 112 L.Ed.2d 250 (1990); Martin v. American Petrofina, Inc., 779 F.2d 250 (5th Cir.1985), modified on other grounds, 785 F.2d 543 (5th Cir.1986); Ward v. Celotex Corp., 479 So.2d 294, 296 (Fla.Dist.Ct.App.1985) (plaintiff was “not an asbestos worker and had no knowledge of the products to which he was exposed”; therefore, it was “axiomatic that he [should be able to] rely upon the testimony of others to establish his exposures”); see also Jackson v. Johns-Manville Sales Corp., 727 F.2d 506 (5th Cir.1984). Moreover, in such cases it is unnecessary that coworkers know or remember the plaintiff. Roehling v. National Gypsum Co. Gold Bond Bldg. Prods., 786 F.2d 1225, 1228 (4th Cir.1986).
An instructive case from Alabama is Sheffield v. Owens-Corning Fiberglass Corp., 595 So.2d 443 (Ala.1992), an action by former seamen against the owners of ocean-going vessels on which they had served. The problem confronting the sea *343 men in Sheffield was in identifying “ ‘the injury-causing product and its manufacturer.’ ” Id. at 450. This Court held that the threshold identification requirement could be met by circumstantial evidence. Id. In particular, it held that one of the seamen, William Shaw, had met his burden of proving exposure to “ ‘Kaylo,’ an asbestos-containing insulation material manufactured by [Owens-Corning Fiberglass Corporation].” Id. at 451, 455-56. The identification evidence was presented by Shaw himself, who remembered seeing Kaylo on board some of the ships on which he had served. Id. The exposure evidence was supplied by, among others, a contractor, who “described the conditions typically created by the shipboard installation and repair of [Kaylo],” id. at 455 (emphasis added); and by Shaw, who testified that he was often in “close” proximity to “those who worked with Kaylo insulation on pipes and boilers.” Id. at 456.
In this case, Miller produced the testimony of Williams’s coworkers. One of them specifically remembered seeing Williams working in proximity to benzene-containing products. Others remembered what class of seaman Williams was and testified as to what his duties would have involved. There was extensive testimony indicating that these duties would have involved substantial exposure to benzene. This evidence is clearly sufficient under the above-cited authorities.
The trial judge also disallowed the testimony of all of Miller’s expert witnesses, who testified that exposure to benzene can cause myeloma. The trial court apparently concluded that their testimony would not satisfy the standard of Frye v. United States, 293 F. 1013 (D.C.Cir.1923). The trial court improperly focused, however, on the conclusions of those experts, rather than on the methodology on which those conclusions were based. In that respect, Frye is essentially a nonissue. As to Chevron, the summary judgment should be reversed and the case remanded. As to the disposition of Miller’s claims against Chevron, therefore, I respectfully dissent.