**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM MARINESE; et al., | No. 13-35261 |
| Plaintiffs - Appellants, | D.C. No. 1:10-cv-00008-JWS |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted June 2, 2014
Anchorage, Alaska

Before:  WALLACE, WARDLAW, and CHRISTEN, Circuit Judges.

After William Marinese was injured while delivering mail in Craig, Alaska,

Marinese and several of his family members sued the United States Postal Service

(USPS) for negligence under the Federal Tort Claims Act (FTCA).  They appeal

from the district court's order granting the USPS's motion to dismiss for lack of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and its

discretionary denial of Marinese's motion to certify three questions to the Alaska

Supreme Court.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"As a sovereign, the United States is immune from suit except to the extent

that it has unequivocally consented to litigation against itself." *LaBarge v. Cnty. of*

*Mariposa*, 798 F.2d 364, 366 (9th Cir. 1986).  The FTCA provides a limited

waiver of the government's sovereign immunity.  *Id.*  Under the FTCA: "The

United States shall be liable . . . in the same manner and to the same extent as a

private individual under like circumstances."  28 U.S.C. § 2674.  The FTCA

requires us "to analogize the government to a private actor in a similar situation

and apply state law to determine amenability to suit."  *LaBarge*, 798 F.2d at 366.

We review de novo a district court's legal conclusions regarding the United States'

amenability to suit under the FTCA.  *Id.*

The district court stated that here "the analogous private actor would be a

private sector package delivery company such as FedEx."  The district court's

analogy was appropriate.  Although FedEx would not be in "identical

---

[1]  Because the parties are familiar with the facts of the case, we will not recount them here.

2

circumstances" as the USPS, it would be in "like circumstances." *Xue Lu v. Powell*, 621 F.3d 944, 947 (9th Cir. 2010).

The Alaska Workers' Compensation Act (AWCA) governs the liability of private employers in Alaska for job-related injuries sustained by their employees. The relevant sections of the AWCA are Alaska Statutes §§ 23.30.045 and 23.30.055. Section 23.30.045(a) explains that employers in Alaska are liable for securing payment of workers' compensation benefits to their employees who are injured on the job. And § 23.30.055 provides: "The liability of an employer prescribed in AS 23.30.045 is exclusive and in place of all other liability of the employer," and "'employer' includes . . . a person who, under AS 23.30.045(a), is liable for or potentially liable for securing payment of compensation." This provision is known as the exclusive liability provision of the AWCA. *See Anderson v. Alyeska Pipeline Serv. Co.*, 234 P.3d 1282, 1285 (Alaska 2010).

The district court did not err by using the analogy of FedEx as a private party in like circumstances to the USPS in this case. Marinese was an employee of Promech Air ("Promech"), a private carrier that delivered mail for the USPS. FedEx and Promech would have a contractual agreement of some sort governing their agreement for Promech to deliver mail. It is immaterial whether the contract would have been written, oral, or implied. Under any such scenario, Promech

3

would be "a person who undertakes by contract performance of certain work for another," and Promech would qualify as a "contractor" under the AWCA. *See* AS § 23.30.045(f)(1). If FedEx engaged the services of Promech, a contractor, in the course of its business as a mail and package delivery company, FedEx would "enjoy the beneficial use" of Promech's work because its mail and packages would be delivered. As such, FedEx would be a "project owner" under the AWCA. *Id.* § 23.30.045(f)(2). Because FedEx would "fall[] within the statutory definition of 'project owner,'" we do not need to consider the applicability of the AWCA to other businesses that might use Promech's services. *See Anderson*, 234 P.3d at 1288. As a project owner, FedEx would be entitled to protection under the exclusivity provision. *See* AS § 23.30.055.

Appellants' suit against the USPS cannot proceed under the FTCA because a private party in like circumstances would be protected from tort liability under Alaska law. *See LaBarge*, 798 F.2d at 366, 369. We affirm the district court's order granting the government's motion to dismiss for lack of subject matter jurisdiction because the FTCA does not waive the government's sovereign immunity under the circumstances of this case. *See* 28 U.S.C. § 2674.

The decision to certify a question to a state court is a matter of discretion. *See White v. Celotex Corp.*, 907 F.2d 104, 106 (9th Cir. 1990). Marinese failed to

show that the district court abused its discretion.  And because there are no determinative questions of Alaska law in this case that lack controlling precedent from the Alaska Supreme Court, *see* Alaska R. App. P. 407(a), we decline to exercise our discretion to certify any questions to the Alaska Supreme Court.

The district court's order granting the USPS's motion to dismiss and denying Marinese's motion to certify is **AFFIRMED**.